# SARAH J. PRESTON *et al.*

*v.*

# SAMUEL P. HODGEN.

1. MORTGAGES—*of the rights of the several holders of a series of notes, maturing at different times, and secured by the same mortgage.* Where a mortgage is given to secure several notes, maturing at different times, which are assigned to different persons—upon a foreclosure of the mortgage in favor of the holder of the note first maturing, the holder of the note last maturing, may redeem from the sale under such foreclosure, and by such redemption, will become invested with the right to have the premises again sold, not only for the satisfaction of his own note which he held by assignment, but also to reimburse him for the amount paid by him to redeem from the first foreclosure and interest thereon.

2. The right of the successive holders of a series of notes, maturing at different times, and secured by the same mortgage, to redeem from a foreclosure and sale, in favor of the holder of the note first maturing, is the same as that of a separate junior incumbrancer, to redeem from a foreclosure of a prior mortgage.

3. MASTER IN CHANCERY—*of the report of—when not admissible in evidence.* In the absence of any order of reference to the master, of record, to hear and report the evidence, his report would be unauthorized, and inadmissible in evidence to support the decree.

4. But, if it appeared from the language of the decree, that the court acted upon the report of the master, it might be inferred that an order of reference had been made.

5. MINOR HEIRS—*decree—material facts.* Where minor heirs are made parties defendant to a bill to foreclose, the decree must show that the material allegations of the bill were proved, or the decree will be reversed.

WRIT OF ERROR to the Circuit Court of Logan county; the Hon. JOHN M. SCOTT, Judge, presiding.

The facts are fully presented in the opinion.

Messrs. GREENE & LITTLER, for the plaintiffs in error.

Mr. MILTON HAY, for the defendant in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was a suit in equity, brought by defendant in error in the Logan Circuit Court, against plaintiffs in error and a number of other persons. The bill alleges that Enoch Preston and James Maltby purchased of James Primm several tracts of land in Logan county, for which they agreed to pay him $6,000; that to secure the purchase money, they, at the same time, executed three promissory notes, payable to him, falling due on different dates, all bearing interest at the rate of ten per cent. per annum, and, at the same time, executed a mortgage on the lands conveyed, as a further security for the payment of the purchase money; that in executing the mortgage, by mistake, one of the tracts was mis-described.

It is further alleged, that Primm transferred the note first falling due, to one John F. Smith, before its maturity; that Smith subsequently assigned it to Ousley, who afterwards instituted proceedings against Primm, Maltby and Preston, and others, to foreclose the mortgage for the payment of the note, and obtained a decree, under which the premises were sold on the 11th day of December, 1863, and purchased by Ousley.

The note which next became due, was assigned by Primm to J. T. Dowdall & Co., and they, on the 20th of March, 1865, assigned the same to defendant in error; that before this suit was commenced, Primm assigned the last of the three notes to defendant in error; that he, before the expiration of the time allowed for redemption of the lands from the master's sale, redeemed the same; that, in executing the mortgage, a mistake was made in describing the third note last falling due, by describing it as payable on the 11th day of March, 1862, when it fell due, in fact, on the corresponding day in 1863. It is claimed by defendant in error, in his bill, that he has thus become entitled to the whole amount of the purchase money secured by the mortgage on the land, with the costs and interest necessarily paid to redeem from Ousley's sale;

that the makers have paid no part of the notes; that the mortgagors had failed to pay taxes on the mortgaged premises; that Primm and defendant in error had paid $400 for such taxes, which, it is claimed, should be added to the money due under the mortgage; that Maltby and Preston had died, leaving widows and heirs, who are made parties defendant to the bill.

The bill alleges that a large number of persons claim to have interests in, or liens upon, the premises; but charges that if they have such, they are junior to that of defendant in error, and they are made defendants to the bill. It contains a prayer for process; that a guardian *ad litem* be appointed for the minor defendants; that an account be taken of the amount due on the notes and mortgage, and money paid on the redemption and for taxes, and that defendants pay the same, or the property be sold to satisfy the same, and for general relief.

A guardian *ad litem* was appointed, and answered for the minor defendants. After making publication against non-resident defendants and procuring service upon the residents, the bill was taken *pro confesso* as to the adult defendants who had failed to answer the bill. The master in chancery proceeded to take proofs, and afterwards submitted a report of the evidence heard by him. A hearing was had, and the court below rendered a decree granting the relief sought, and ordering that, in default of the payment of the money found to be due, the premises should be sold by the master in chancery. To reverse that decree this writ of error is prosecuted and various errors are assigned.

It is insisted that the court erred in rendering a second decree of foreclosure; that the mortgage was foreclosed by Ousley on the first note, and that became a bar to this proceeding. There is no force in this objection. It is true that a bill was filed, a decree was rendered, and the premises were sold for its satisfaction, but it is equally true that defendant in error, who was an assignee of the mortgage, to secure the

second note, redeemed from that sale. He, by that act, either destroyed the effect of that sale, or he became invested with all of the rights Ousley held by virtue of the sale, and thereby became entitled to a master's deed for the premises. Had the mortgagors redeemed instead of defendant in error, no one would contend that there was a foreclosure, or that the proceeding then had could be relied upon to bar a foreclosure on the two notes last falling due. And when it is remembered that defendant in error was the assignee of the second note, it is perfectly apparent that he had a legal right to redeem for the purpose of protecting and rendering available the mortgage to secure his debt. And having exercised that right, the law is well settled that he thereby cancelled the sale, and virtually became the assignee of the lien on the land to secure the first note.

Had there been two separate mortgages to secure the first and second notes, one to Ousley and the other to defendant in error, and the former had foreclosed and the latter had redeemed in the manner which he did, it is perfectly obvious that such a redemption would have destroyed the effect of the sale, and he would have succeded to Ousley's rights as effectually as if he had assigned his prior mortgage to defendant in error. And as the assignment of each note operated as an assignment *pro tanto* of the mortgage, and by each asssignment it, in effect, became so many separate mortgages to secure the several notes in the order of their maturity, this redemption produced the same effect as the decree of foreclosure had been on such a separate mortgage. And, in foreclosing, defendant in error is entitled to have taken into the account the sum of money which he necessarily paid to redeem, with its accruing legal interest.

It is also urged that the record does not contain evidence which is sufficient to sustain the decree. We fail to find any order in the record referring the case to the master to hear and report the evidence, but what purports to be a report of that officer, is copied in the transcript before us. He had no

authority, on his own motion, to hear and report the testimony. He derives his authority to do so alone by an order of the court. Had the report been embodied in, or referred to in the decree, as properly before the court, it may be that it might be inferred that an order of reference had been made and had not been recorded. But in this case, the decree states that the hearing was had on the bill, the notes and mortgage filed in the case, the answer of the guardian *ad litem,* and the default of the adult defendants, from which the court finds the facts stated in the decree. From this statement of the decree it appears that the master's report was not considered by the court, as the decree states the facts were found from the bill, notes, mortgage and orders *pro confesso.* We are, therefore, unable to consider the master's report as evidence in the case.

Again, the evidence referred to by the decree does not, as against the minor heirs, prove the material facts alleged in the bill. The notes and mortgage do not prove the mistake, the redemption, or the payment of taxes by defendant in error. These were material facts, that must be proved before the relief could be rightfully granted against the minor defendants. When the court in the decree, refers to the evidence upon which the facts are found, and it fails to support the finding, this court will review the finding and reverse the decree. If, however, the court simply states in the decree that proofs were heard, and then finds the facts, we would presume, in support of the action of the court below, that the evidence was sufficient, unless it appeared in the record, and failed to prove the facts found by the court; and as the evidence acted upon by the court does not prove the allegations in the bill in reference to the mistake, the redemption and the payment of the taxes, and as the court has rendered a decree granting the relief, as though they had been proved, the court committed an error, for which the decree must be reversed.

As to the adult defendants, proof was not necessary to support a decree against them. When the bill was taken as

confessed as to them, they thereby admitted its truth, and it was discretionary with the court trying the cause whether it would hear evidence in support of the allegations of the bill. But the uniform and long established practice in this State, requires proof to be made in all cases where minors are parties defendant to a bill in chancery. In this case, there is an absence of such proof.

It is again urged that the decree is against a portion of the defendants who are not properly before the court. We have not examined the record to see whether the objection is sustained, as the court below can readily determine that fact on another hearing of the case. If the objection is well taken, it will appear from the sheriff's returns and the orders of publication. But for the errors indicated, the decree is reversed and the cause remanded.

*Decree reversed.*