# WILLIAM WALKER

*v.*

# CHARLES CAREY.

1. EVIDENCE IN CHANCERY—*mode of preserving the same.* Since the act allowing oral testimony in chancery, under the practice of preserving the evidence by recitals in the decree, it is not necessary to give the evidence in the words of the witnesses, but only the facts proved.

2. So where a decree in chancery recited that upon the hearing, certain facts were proved by the evidence introduced, and the court so finds, and upon objection that no facts were stated in the decree, but simply a conclusion from other facts, it was *held*, that such a recital was sufficient.

3. And in such case, if either party is dissatisfied with the finding of the court, they should preserve the evidence in a certificate.

WRIT OF ERROR to the Circuit Court of Edgar county; the Hon. JAMES STEELE, Judge, presiding.

This was a suit in chancery, brought by Charles Carey against William Walker, impleaded with William Kile, for the settlement of a partnership concern, the answer of defendants being under oath, as required by the bill. Upon the hearing, the court rendered the following decree, to reverse which defendants bring the record to this court, and assign for error that there is no evidence in the record to support the decree as rendered by the court.

" And now at this day comes the complainant, by his solicitors, and the defendants, by their solicitors, and this cause is set down for hearing on original and amended bills, the several answers of defendants, replications of the complainant, exhibits, and oral and written proofs to be heard. And thereupon this cause comes on for hearing and trial, set down as above. And the complainant and defendant introduced their respective proofs and evidence, both oral and written. And it was proved by the evidence introduced, and the court so finds, that the complainant and the said defendant, Walker, entered into partnership, and continued the business thereof, as stated in said bill; it was further proved by the evidence introduced, and the court so finds, that said partnership business has ended, and that there has never been a final adjustment of their partnership affairs. It was further proved by the evidence introduced, and the court so finds, that before the commencement of this suit, the said complainant and the said defendant divided the property belonging to said firm, except the lumber and wood on hand, and the debts and accounts due the firm, and that said defendant, Walker, got his share in personal property, and the said complainant got his share in some personal property and in the real estate described in said bill; it was further proved and admitted by Walker, that he had received the share of said property that was set apart to him, and the court finds the fact so to be. It was further admitted, and the court so finds, by the said Walker, that the legal title to the undivided one-half of the real estate described in said bill was in the said Walker, and that he had agreed to convey the same to the said

complainant; it was further proved by the evidence, to the satisfaction of the court, that the said defendant, Walker, has neglected and refused, and still neglects and refuses, to convey said real estate to the said complainant, and the court finds the fact so to be. It was further proved by the evidence in the case, and the court so finds, that since the division of said real and personal property above recited, the defendant, Walker, has, by agreement and consent of the complainant, appropriated and used all of the lumber belonging to the firm at the lumber yard at Paris, at a price agreed on by them, and that the said defendant, Walker, has collected all of the accounts that were due the firm and were collectible, and has charged himself with the same. It was further proved by the evidence in the case, that the complainant has appropriated all of the lumber belonging to the said firm at the mill, and is properly charged with the same, and the court so finds, and the value and quality thereof was also proved by the evidence. It was further proved by the evidence, and the court so finds, that all of the debts against said firm have been paid, and that all the assets and property of said firm have been disposed of, and that there is now no property remaining on hands belonging to said firm, and no outstanding evidence of indebtedness against said firm, excepting the two notes mentioned in said bill and answer as given by said firm to said Walker, and by said Walker assigned to said defendant, Kile. It was further admitted by the said defendants, and each of them, that said two notes, assigned and indorsed by said Walker to said Kile, were so assigned and indorsed after the same became and were due, and the court so finds the fact to be. It was further proved by the evidence, and the court so finds, that the said Kile has commenced a suit on said notes in the Edgar circuit court, against the said complainant and the said defendant, Walker, and that said notes amount, at this date, to the sum of twenty-five hundred dollars. It was further proved by the evidence in the case, and the court so finds, that at the time and before the assignment and endorsement of said notes by said defendant, Walker, to the

said defendant, Kile, that the said defendant, Walker, had in his possession and had appropriated to his own use of the property and assets of said firm of Carey & Walker, a sum of money more than sufficient to pay off and satisfy said notes, and was at that time indebted to said firm as aforesaid, more than the said firm was indebted to said defendant, Walker, on and by said two notes, and that said notes were equitably paid and satisfied after the maturity thereof, and before the assignment of the same to the defendant, Kile, and that said defendant, Kile, received said notes after they had been so paid, as aforesaid, and after the maturity thereof, of all which facts Kile had notice.   It was further proved to the satisfaction of said court, by the evidence herein, and the court so finds, that after the payment of said two notes by the defendant, Walker, as aforesaid, the said defendant, Walker, would still be owing to said firm the sum of one hundred and fifty-eight dollars, one-half of which would be justly due from said defendant, Walker, to said complainant, Carey, and the court so finds.   It was further proved by the evidence introduced, and the court so finds, that the statement of the accounts as filed by said defendant, Walker, with his answer, is not correct; and it was further proved by the evidence introduced, and the court so finds, that the true statement of their partnership accounts is, that after crediting the said defendant, Walker, with the amount of said two notes given by said firm to Carey & Walker, and by him assigned, after the maturity thereof, to said Kile, and the payment thereof as aforesaid, that the said defendant, Walker, was still owing to said complainant, Carey, the sum of seventy-nine dollars on final account.

Wherefore, it is by the court ordered, adjudged and decreed, that the partnership heretofore existing between the said complainant and the said defendant, Walker, be, and the same is hereby dissolved, and that the said defendant, Walker, convey to said complainant, the undivided half of the said real estate in said bill mentioned, to-wit: The south half of northeast quarter, of N W¼ and N W¼ of N W¼ excepting nineteen (19)

acres heretofore sold by Eslie Quiet to James Heaton; the S$\frac{1}{2}$ of N W$\frac{1}{4}$ and N E$\frac{1}{4}$ of S W$\frac{1}{4}$ and all that part of N W$\frac{1}{4}$ of S E$\frac{1}{4}$ and S W of S E$\frac{1}{4}$ lying west of Sugar Creek, all of said land being in section sixteen (16) township thirteen (13) north of range eleven (11) west, situated in Edgar county, State of Illinois, within twenty days from the rising of this court, and in default of such conveyance, that the master in chancery of this court convey, by deed, the same to the said complainant.

It is further ordered, adjudged and decreed, that the said defendants, and each of them, be, and they are hereby forever barred and enjoined from collecting the said two notes in this decree, and in said bill and answer, mentioned as given by the firm of Carey & Walker to the said Walker, and by him assigned to said Kile, from the said complainant, or any part thereof, and that said notes be, and they are hereby declared paid, so far as the complainant is concerned.

It is further ordered, adjudged and decreed, that the said defendant, Walker, pay to the said complainant the sum due him as above found, on settlement of the partnership accounts.

It is further ordered, adjudged and decreed, that the said complainant and the said defendant, Walker, each pay one-half of the costs of this proceeding, and that execution issue for said amount decreed to be paid to complainant, and to each party, for costs, as aforesaid."

Mr. John Scholfield, for the plaintiffs in error.

The bill in this case required the answer to be under oath; it was so made, and therefore, so far as responsive to the allegations of the bill, it must be received as true, unless it be disproved by evidence amounting to the testimony of two witnesses. *Stoufer* v. *Machen*, 16 Ill. 553; *Panton* v. *Tefft*, 22 Ill. 366.

The recitals in the decree, in the main, are in direct opposition to the allegations of the answer. Thus the decree recites:

" It was further proved by the evidence introduced, and the court so finds, that the statement of the accounts, as filed by

said defendant, Walker, with his answer, is not correct; and it was further proved by the evidence introduced, and the court so finds, that the true statement of their partnership accounts is, that after crediting the said defendant, Walker, with the amount of said two notes given by said firm to him, and by him assigned after the maturity thereof to said Kile, and the payment thereof as aforesaid, the said defendant, Walker, was still owing to said complainant, Carey, the sum of seventy-nine dollars on final account."

Now, upon what " facts proved" is this recital based? No facts are stated in the decree, but simply a conclusion from other facts is given. Whether this conclusion is right or wrong this court can not know. The only facts in the record are the statements of the answer, and from those the conclusion is unquestionably wrong. If other facts were proved, they are not recited. The statute authorizing testimony to be introduced orally in chancery, does not dispense with the necessity of incorporating the testimony in the record. The evidence or the facts proved by it ought to be stated in the record. *White* v. *Morrison et al.* 11 Ill. 361; *Ward* v. *Owens*, 12 Ill. 283.

A careful examination of this decree must satisfy the court that it fails to state the substantial facts necessary to sustain it. It does not appear from it what amount of money was put into, or taken out of, the partnership business by the respective partners; what profits or losses were made or sustained by the firm; what amount of business was done by the firm; what amount of debts were contracted by it; what amount of money, and the value of the property possessed by the firm at the time of dissolution; what was the state of the account between the respective partners and the firm. Nor does it appear in what respect the defendant's answer is untrue. It is insisted that without a knowledge of these facts, no matter how proved, no court could render an intelligent decree in such a case, and, without their knowledge, it is impossible for this court to say that the decree below was right.

If this recital of "facts proved" is sufficient, then there is no necessity of reciting any facts. The final determination of the court would furnish the same amount of information, for the conclusion of the court is all that is stated here.

Mr. JAMES A. EADS and Mr. JOHN W. BLACKBURN, for the defendant in error.

Is the manner of preserving the facts of the case, in the decree, in accordance with correct practice? The decree recites that upon the hearing, both parties "introduced their respective proofs and evidence, both oral and written." The decree then recites that certain facts were proved by the evidence introduced, and that certain facts were admitted to be true by the defendants, and the court so finds. We submit that this manner of preserving the evidence is correct practice. *White* v. *Morrison,* 11 Ill. 361; *Nichols et al.* v. *Thornton,* 16 Ill. 113: *Moore* v. *School Trustees,* 19 Ill. 83; *Martin et al.* v. *Hargardine,* 46 Ill. 322; *Day* v. *Dunham,* 2 Johnson Chancery R, 102; *Burdine* v. *Sheldon,* 10 Yerger, 41.

The case of *Moore et al.* v. *School Trustees,* 19 Ill. 83, fully meets this case. The court there say "the decree does not attempt to give the evidence in the words of the witnesses, but states the facts or points proved." "It would lead to burdensome prolixity to compel courts to literally set forth the evidence taken in open court upon which decrees are based."

If it becomes a question whether the statement of witnesses establish the facts, or any particular facts in issue, either party may, by bill of exceptions, preserve the evidence. *Moore et al.* v. *School Trustees,* 19 Ill. 83. The facts set out in the decree as proved, and the recitals of proofs found therein, can not be questioned. *Cooley* v. *Scarlett,* 38 Ill. 316.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court ·

This was a bill in chancery, exhibited by Charles Carey against William C. Walker, impleaded with William Kile, for

the settlement of a partnership concern, and a decree for the complainant.

The record is brought here by writ of error to reverse this decree, and the principal objection made is, that in the record the evidence is not preserved.

We perceive no objection to the decree in this regard. As this court said in *Moore* v. *The School Trustees, etc.* 19 Ill. 83, a decree need not give the evidence in the words of the witnesses, but the facts proved.

It was also said in *Cooley* v. *Scarlett*, 38 ib. 316, that since the passage of the act allowing oral testimony in chancery causes, it had been the settled practice, under repeated decisions of this court, to preserve the evidence by recitals in the decree, if counsel prefer that method, and that the statements in a decree are no more subject to question, than those in a bill of exceptions would be in a case at common law.

If the counsel in this case were dissatisfied with the finding, they should have preserved the evidence in a certificate.

From the facts found by the court, as proved by the evidence, the decree is right and must be affirmed.

*Decree affirmed.*