WILLIAM THOMAS, Trustee, etc.,

*v.*

WILLIAM ADAMS *et al.*

1. CHANCERY—*when the allegations of the bill must be supported by proof.* Where the answers to a bill in chancery deny the allegations in the bill, or do not admit them to be true, the complainant is put upon proof of them, and where the record does not contain any evidence, and the decree fails to recite that the hearing was upon evidence, the action of the court below, dismissing the bill, will be sustained in the appellate court.

2. SAME—*proof required as to infants.* A default can not be taken against infant defendants in chancery, nor can a decree be rendered against them without proof.

3. SAME—*agreement as to proof on a former hearing.* An agreement as to what the exhibits in a cause proved on the hearing, will not operate as evidence on a hearing subsequently had, upon a reversal of the first decree ; and if such agreement could be given any effect upon a second hearing, as to parties in court at the time it was made, it could not bind new parties to the record who gave no assent thereto.

WRIT OF ERROR to the Circuit Court of Crawford county.

Mr. WILLIAM THOMAS, *pro se.*

Mr. JAMES C. ALLEN, for the defendants in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

The bill in this case was filed to subject real estate, devised by Josiah R. Wynn to his wife and children, to the payment of a number of judgments of many years' standing, and to which Wynn was a party defendant, and which were recovered by the Bank of Illinois. The case was previously before this court, and is reported in 30 Ill. 37, when it was remanded for the purpose of making additional parties and for further proceedings. It was then held, that the bill contained equity apparent on its face. The bill was subsequently amended and a hearing had, and a decree rendered dismissing

the bill. The cause is now brought to this court on error and a reversal is asked, because the relief sought was not granted.

After a careful examination of the transcript, we fail to find any evidence in support of the allegations of the bill. We find that on the first hearing, before the case was previously brought to this court, copies of the judgments were read in evidence. But on this latter trial the record fails to show that any evidence was heard. The recital in the transcript is, that "This cause having been submitted to the court at its last term, and continued under advisement, and the court being now sufficiently advised and satisfied in the premises, it is ordered and decreed that the prayer of the said complainants' bill of complaint be denied and that said bill be dismissed," etc. Thus it is seen, that it fails to appear that the hearing was upon any evidence. It does not even appear that the exhibits were read. For aught that appears it may have been on bill and answers. And the answer of the minor defendants denies all the allegations of the bill. This required complainant to prove every material allegation against them, and hence the decree as to them is correct. They could not be defaulted nor relief granted as to them without proof.

Nor was there any proof to overcome the answers of the adult defendants. They do not admit the allegations of the bill. The agreement as to what the exhibits proved, on the previous trial, did not operate as evidence on this latter hearing, and if it could have such an effect as to the parties then defendant, it could not bind new parties to the record, who gave no assent to that agreement. But beyond all this, the exhibits do not seem to have been read on the hearing below. If, on the evidence before the Chancellor, complainant believed the decree was erroneous, he should have had it embodied in a certificate, signed by the judge who tried the case. We must, in the absence of proof, presume, that the court below decided correctly in dismissing the bill. Nor was it the duty of the defendants to preserve complainants' evidence.

It may be that proof was heard on the trial, but it does not appear in the transcript. We fail to find any error in the record, and the decree of the court below is, therefore, affirmed.

*Decree affirmed.*