# CATHARINE McINTOSH

## v.

# MARY L. SAUNDERS.

1. CHANCERY PRACTICE—*preserving evidence.* Since the passage of the act allowing oral testimony in chancery cases, it has been held that the evidence or facts proved by it ought, as before, to appear in the record; and that the same may be stated in the decree, in a bill of exceptions, in a certificate of the judge, or in a master's report.

2. EVIDENCE—*finding of facts in decree.* Where a decree states that proofs were heard, and then finds the facts, it will be presumed that the evidence justified the finding, unless the evidence is preserved in the record, and it fails to prove the facts found.

3. SAME—*how incorporated into record.* It has often been decided that evidence can not be incorporated in the record by the clerk copying it into the transcript and certifying it to be a complete copy of the evidence in the case. And where, several years after the hearing, the judge who tried the cause, in vacation, without notice to the opposite party, certified that the transcript made by the clerk was a complete copy of the evidence, it was, on motion, stricken from the files and not considered.

4. MISTAKE—*proof required to correct deed for.* Where a bill in equity was filed against the heirs of the grantor in a deed, to correct a mistake therein as to the description of the land, it was *held,* that the complainant was not bound to make out such a case as would be required of a subsequent purchaser for a valuable consideration, without notice of a prior conveyance, to overcome the latter. The complainant's equity in such a case is superior to that of the defendants.

5. LIMITATIONS—*in case of fraud or mistake.* In case of fraud or mistake, in equity, the statute of limitations will begin to run from the time of the discovery of the fraud or mistake, and not before.

6. STALE CLAIM. Where the party in possession of land in 1869, filed a bill to correct a mistake in the description of the land in a deed in his chain of title, which was executed in 1823, and it appeared that the mistake had been but recently discovered, it was *held,* that the circumstances failed to show any such gross *laches* or delay in asserting the party's rights as that a court of equity would refuse to interfere.

WRIT OF ERROR to the Circuit Court of Jackson county; the Hon. MONROE C. CRAWFORD, Judge, presiding.

This was a bill in chancery, filed by Mary L. Saunders against Catharine McIntosh, heir at law of William McIntosh, deceased, to correct a deed executed by the latter in 1823, to one J. Richardson. The opinion states all the facts necessary to an understanding of the case.

Messrs. HALLUM & SMITH, for the plaintiff in error.

Mr. JOHN H. MULKEY, for the defendant in error.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a bill in equity, filed March 3, 1869, for the correction of an alleged mistake in a deed executed some time in the year 1823, the premises having been mistakenly described as the northwest, instead of the southeast, quarter of a certain section of land.

There was a decree for complainant, and defendant brings the record here by a writ of error.

The point which has been chiefly discussed by counsel for plaintiff in error, as ground of error, is the insufficiency of the evidence to support the decree.

This is a question which does not arise upon this record.

The decree shows that the court heard evidence and found certain facts. Those facts we regard as sufficient to sustain the decree. And the finding of the court as to what facts were proved by the evidence must be taken as conclusive. There has not been preserved in the record the means of testing the correctness of the finding in this respect.

Since the passage of the act allowing oral testimony in chancery cases, it has been held that the evidence, or the facts proved by it, ought, as before, to appear in the record. The same may be stated in the decree, in a bill of exceptions, in a certificate of the judge, or in a master's report. *White* v. *Morrison et al.* 11 Ill. 361; *Ward* v. *Owens et al.* 12 id. 283; *Smith* v. *Newland*, 40 id. 101.

9—68TH ILL.

The decree need not give the evidence in the words of· the witnesses, but the facts proved. *Moore et al. v. School Trustees,* 19 Ill. 83; *Walker* v. *Carey,* 53 Ill. 470.

Where the decree states that proofs were heard, and then finds the facts, it will be presumed that the evidence justified the finding, unless the evidence·appears in the record, and it fails to prove the facts found. *Cooley* v. *Scarlett,* 38 Ill. 316 *Preston* v. *Hodgen,* 50 id. 56; *Walker* v. *Carey, supra; Mauck* v. *Mauck,* 54 id. 281.

To enable the party dissatisfied with the finding to question its correctness, he should preserve the evidence in a certificate. *Moore et al.* v. *School Trustees, supra; Walker* v. *Carey, supra.*

The transcript of the record in this case made by the clerk contains certain evidence which the clerk certifies to be a complete copy of the evidence in the case. It has been often decided by this court that such matter can not be incorporated in the record in that mode.

On the tenth day of January, 1873, almost four years subsequent to the entry of the decree, in vacation, and without notice to the opposite party, so far as appears, there was obtained from the circuit judge who heard the cause below, his certificate that the transcript made by the clerk was a complete copy of the evidence. etc., in the cause. On motion of the defendant in error, this certificate of the judge was stricken from the files previous to the submission of the cause, and so does not appear in the record, and is not to be considered.

The evidence in the cause, then, has not been preserved in the record, there being no other attempted mode of preserving it than as above. That being the case, the finding in the decree of the facts proved by the evidence must be held conclusive, as there appears nothing showing it to have been erroneous.

It is insisted that the bill and proofs should make out such a case in all particulars as to meet the several requirements which are laid down as essential to the validity of the plea by a defendant of a purchase for a valuable consideration

without notice. That is a case, the interposition of such a plea, where an equity in the complainant is sought to be repelled by the defense of an equal equity on the part of the defendant. We do not perceive the application of the doctrine to this case. Certainly no such stringency of proof, as supposed, is required. This suit is against the heirs of the grantor who made the deed sought to be corrected. There is no countervailing equity in the case. The bill and facts found make out a case of a mistake in a deed executed upon the purchase of a tract of land of which complainant is in possession under the purchase. This shows an equity superior to that of the defendant, which is enough. 1 Story Eq. Jur. sec. 176.

It is insisted that relief should be refused because of the staleness of the claim, and gross *laches* in instituting the suit.

It is true that a considerable time has elapsed since the making of the deed, but this objection seems to be met by the circumstance of the recent date of the discovery of the mistake.

In cases of fraud or mistake, the Statute of Limitations will begin to run from the time of the discovery of such fraud or mistake, and not before. 2 Story Eq. Jur. sec. 1521 a.

We do not think the circumstances of this case show any such gross *laches* in prosecuting rights, or long and unreasonable acquiescence in the assertion of adverse rights, as that a court of equity should refuse to interfere.

As before intimated, from the facts found by the court as proved by the evidence, we regard the decree as right, and it must be affirmed.

*Decree affirmed.*