Opinion of the Court.

JOHN SMITH

*v.*

ENOS SMITH *et al.*

| 85 | 189 |
| 21a | 431 |
| 85 | 189 |
| 126 | 69 |
| 85 | 189 |
| 143 | 630 |
| 85 | 189 |
| 148 | 18 |
| 85 | 189 |
| 45a | 213 |
| 85 | 189 |
| 187 | ¹158 |
| 85 | 189 |
| 191 | ¹407 |

1. RESULTING TRUST—*when it arises.* Where two parties agree that one shall purchase land, which is done, and each pays one-half the price, and the deed is made to the one making the purchase, a resulting trust will arise in favor of the other as to an undivided half of the land, notwithstanding he paid his part of the money under an express agreement that the party taking the deed should convey him one-half interest.

2. CHANCERY PRACTICE—*record.* A decree in chancery dismissing a bill will be reversed if, by proofs appearing in the record, it is not justified, notwithstanding the clerk, in his certificate, fails to state that the transcript contains all the depositions and evidence in the case. The absence of such a statement in the certificate of evidence will not justify any presumption that there was other evidence heard which would justify the decree.

WRIT OF ERROR to the Circuit Court of Hancock county; the Hon. JOSEPH SIBLEY, Judge, presiding.

Mr. C. C. PRESTON, for the plaintiff in error.

Messrs. MANIER & MILLER, for the defendants in error.

Mr. CHIEF JUSTICE SHELDON delivered the opinion of the Court:

The proofs in this case establish quite clearly a resulting trust. It is objected that, although they do, such is the frame of the bill that, under it, proofs could not be made nor the complainant have relief in respect of a resulting trust. As the bill alleges that the complainant and Enos Smith entered into a verbal agreement together, whereby the latter was to contract for the purchase of the land in question from one Wolford, and agreed to pay therefor the sum of $1300, in stipulated payments, and the complainant was to furnish and pay one-half of the purchase price, and have a deed to an undivided one-half interest in the land, and that, under such verbal agreement, said Enos Smith entered into a contract, in his own name, for the purchase of the land from Wolford, it

is contended that the bill is one to compel the specific performance of said verbal agreement, and not one to declare and enforce a resulting trust. The position is not well taken.

The bill alleges that the complainant furnished one-half of the purchase money which went into the purchase of the land from Wolford, and that Enos Smith took the deed for the land in his own name. The facts stated in the bill show a resulting trust. That was sufficient, without naming it a resulting trust. The resulting trust arose from the payment of one-half of the purchase money at the time of the purchase, and the deed being made to another. It was none the less such a trust because the money was paid in pursuance of a prior express contract between the parties.

· It is said the clerk, in his certificate to the transcript of the record, does not certify to it as containing a copy of all the depositions and evidence in the case, but only of certain named depositions, and that, in support of the decree, it should be presumed there was other sufficient evidence to warrant it. Such is not the rule in chancery practice. A decree in chancery dismissing a bill will be reversed if, by the proofs appearing in the record, it is not justified.

The decree will be reversed, and the cause remanded for further proceedings consistent with this opinion.

*Decree reversed.*