### PETER SHEEN

*v.*

### BRIDGET HOGAN *et al.*

1. FORECLOSURE — *of interest subject to vendor's lien.* Where a party took a mortgage upon land for which the mortgagor held only a bond for a deed, which authorized the vendor to declare a forfeiture for want of payment, and after the mortgagor's death the vendor attempted to declare a forfeiture, and thereupon conveyed the land to the mortgagor's widow for the exact sum due

on the purchase money, taking back a mortgage to secure its payment, and, on bill to foreclose the first named mortgage, the court, in its decree, found there had been no forfeiture, and ordered a foreclosure and sale of the land, subject to the lien of the vendor for what was due him, it was *held*, that the complainant had no just ground of complaint.

2. SAME—*as against vendor of mortgagor, and the interest.* Where a foreclosure is sought against land held under a bond for a deed, and the vendor of the mortgagor is made a party, it is proper to order a sale, subject to the rights of the vendor, and allow such vendor the same rate of interest the mortgagor had agreed to pay, giving the mortgagee the right to pay off the vendor's claim and be subrogated to his rights.

WRIT OF ERROR to the Circuit Court of Woodford County; the Hon. S. L. RICHMOND, Judge, presiding.

This bill was filed by Peter Sheen to foreclose a mortgage made by Jeremiah Hogan, in his life-time, and his wife, Bridget Hogan, on the premises described in the bill. An allegation as to the title is, that Hogan was "possessed in fee simple" of the property. It is also alleged James H. Walthem had some interest in the property, but it is charged whatever that interest was it was subject to the rights of complainant.

Walthem, in his answer to the bill, sets up that on November 5, 1869, he sold the premises to Hogan for the sum of $350, payable November 5, 1871, with interest at the rate of ten per cent per annum, payable annually in advance; that the article of agreement made with Hogan in relation thereto contained, among other things, a covenant that, if the principal and interest were not paid within thirty days after the same should become due, the contract, at the option of the vendor, should be void; that Hogan died, and after the principal and interest both became due and remained unpaid — viz., on February 17, 1877 — he declared the agreement forfeited for non-payment, and on the same day conveyed the premises to Bridget Hogan for the exact sum due for the purchase money, and took back a mortgage on the premises to secure the same, with note and personal security.

By an amendment to the bill complainant charges the

2 — 86TH ILL.

money mentioned in his mortgage was expended by. Hogan in improving the premises, that the conveyance of the premises to Bridget Hogan was without his knowledge or consent, and asks that Walthem be compelled to look to his note and security thereon for the amount due him, and that his lien be declared to be the prior lien upon the premises. In answering the amended bill, Walthem, among other things, denies the bond for a deed to Hogan was outstanding at the time he made the conveyance of the property to Bridget Hogan, and charges it had been taken up as having been forfeited; but submits, if the court shall be of opinion no forfeiture had been rightfully declared, that the premises might be sold subject to his prior equities.

Replications were filed to the original and amended answers, and on the final hearing the court decreed a foreclosure of complainant's mortgage, subject to the prior lien of Walthem for the purchase money secured by his mortgage.

Complainant brings the case to this court, and assigns error on the record.

Messrs. SHEEN & BLACK, for the plaintiff in error.

Messrs. BANGS, SHAW & EDWARDS and Mr. J. J. CASSELL, for the defendants in error.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

No evidence is preserved in the record, but the court found the bond for a deed from Walthem to Hogan was still in full force, and thereupon decreed a foreclosure of complainant's mortgage, subject to the prior lien of Walthem for the purchase money, with interest, according to the agreement between the original parties. It is conceded, if the bond for a deed from Walthem to Hogan was properly declared forfeited, complainant's mortgage was not a lien upon the premises. A forfeiture would bar whatever interest Hogan had in the property, and there would be nothing

to which the mortgage could attach. But the court found the bond was still in force, and as there is nothing in the record to show the court found incorrectly as to that fact, it must be regarded as conclusive upon complainant. That being true, what more could complainant conscientiously ask than the decree gave him? He had not asked, in his bill, that the court should annul the conveyance to Bridget Hogan previously made, which, if valid, would effectually cut off all interests complainant may have had in the property under his mortgage. It will be observed the decree restores the parties to their original position, and certainly that is all complainant could demand under his bill. It was equivalent to a decree that the alleged forfeiture of the bond for a deed to Hogan, insisted upon, should be set aside as having been wrongfully declared. Surely complainant ought not to be permitted to insist no forfeiture had been rightfully declared, and yet have the benefit of what was done as a fulfillment of the covenants and conditions of the bond. If there was no forfeiture of the bond for a deed, as he insists there was not, the utmost complainant could claim would be that all parties be restored to their original positions; and that the court did by its decree.

No relief was decreed to Walthem on his answer. When rightly understood the decree simply directs the sale of the mortgaged premises, subject to the prior lien in favor of Walthem for the purchase money, with the privilege to complainant to pay off Walthem's claim and he himself subrogated to his rights in the premises. The original contract gave the vendor ten per cent per annum interest on the contract price of the property, and there was no error in decreeing that, if complainant availed of the privilege to pay the vendor's claim, he should pay the same rate of interest the vendee was obligated to pay.

Perceiving no error in the record as the case comes before us, the decree will be affirmed.

*Decree affirmed.*