GUY F. TURNER AND HARRY A. TURNER, BY THEIR NEXT FRIEND,

v.

ARTHUR L. TURNER AND BENJAMIN F. TURNER.

*Chancery Practice—Record—Evidence—Administration—Rehearing.*

1. Upon a petition for rehearing this court adheres to its former conclusions.

2. A decree in chancery dismissing a bill will be reversed if, by the proofs appearing in the record, it is not justified, although it is not certified that the transcript contains all of the evidence.

The case of *Morgan* v. *Corless*, 81 Ill. 75, distinguished.

[Opinion filed December 18, 1886.]

IN ERROR to the Circuit Court of Livingston County; the Hon.                    , Judge, presiding.

For a statement of the case and the conclusions of this court on the merits, see the preceding report of the opinion heretofore filed herein.

Turner v. Turner.

Messrs. A. E. HARDING and O. CHUBBUCK, for plaintiffs in error.

Messrs. JOHN H. JACKSON and J. B. Rice, for defendants in error.

*Per Curiam.* A petition for a rehearing has been filed in this cause. Upon re-examination we adhere to our conclusions, as stated in the opinion heretofore filed herein.

In the petition for a rehearing, it is suggested for the first time that there is no certificate of the evidence in the record; that the paper copied into the transcript and having the name of the Circuit Judge signed thereto, does not purport to be a certificate, and does not state that it contains all the evidence submitted upon the hearing.

It is claimed that if the plaintiff in error desired to question the sufficiency of the evidence to sustain the decree, it was their duty to have preserved the whole evidence in the record; and that the record must so show; and that the record must so show; and Morgan v. Corless, 81 Ill. 75, is cited as authority for such claim. That authority is not in point in the case before us. The rule there announced is applicable to chancery causes, where the decree is justified by the pleadings and the facts recited in the decree to have been found by the court, on hearing. But, in this case, the facts found by the court are not recited in the decree, and the only finding therein is, "that the evidence is not sufficient to sustain the allegations of complainants' bill," and, for that reason, the bill was dismissed at the cost of the complainants. The rule applicable to this case is that laid down in Smith v. Smith, 85 Ill. 189, where there was no certificate that the record contained all the evidence, and it was urged in support of the decree it should be presumed there was other sufficient evidence to warrant it. The court there said : "Such is not the rule in chancery practices. A decree in chancery dismissing a bill will be reversed if, by the proofs appearing in the record, it is not justified." In Morgan v. Corless, the facts to support the decree appeared in the decree itself; in Smith v. Smith et al. they did not.

*The petition for a rehearing is refused.*