WILLIAM W. BRISTOL

v.

THE HOME BUILDING & LOAN ASSOCIATION.

*Mortgages—Foreclosure—Appeal and Error.*

1.    The recital in a decree in a given case, that the court finds the material allegations in the bill to be true, takes the place of a finding of specific facts, or a setting forth of the evidence so far as a showing by the record of evidence to sustain the decree is concerned.

2.    If an appellant wishes to question the correctness of such finding

he should preserve the evidence by a certificate thereof; failing to do this, and it appearing by the decree that proofs were heard in open court, there is nothing by which the correctness of the finding that the material allegations of the bill are true can be impeached.

3. A certificate of the clerk of a trial court as to a record being, that it is a true, perfect and complete transcript of the record as per praecipe filed, can not be looked upon as a certificate of a complete record, there being no means of knowing what was included in or omitted from the praecipe.

[Opinion filed May 4, 1892.]

Appeal from the Superior Court of Cook County; the Hon. Henry M. Shepard, Judge, presiding.

Mr. W. G. Griffith, for appellant.

Mr. Walter M. Howland, for appellee.

Waterman, J.    This is an appeal from a decree rendered on a bill for the foreclosure of a mortgage, made by appellant to appellee.    Appellee is a building association, and appellant one of the members thereof.    It is urged that the evidence does not sustain the decree, which it is claimed is for too large an amount; the court, it is insisted, having taken a wrong view of the rights of the respective parties, both as regards what was done when the loan was made and thereafter.

It is impossible for us to consider these objections, because it being set forth in the decree that the cause came on to be heard upon the bill of complaint, the complainant's replication to said answer, and upon the report filed of the master in chancery, to whom the cause was referred by order of court to take proofs with his opinion as to the law and the evidence, and upon proofs heard in open court, the court found the material allegations in the bill of complaint were true; yet appellant, in the face of such finding, has failed to bring before us the evidence upon which such finding and the decree thereon were based.

The recital that the court finds the material allegations in

the bill to be true, takes the place of a finding of specific facts, or a setting forth of the evidence, so far as a showing by the record of evidence to sustain the decree is concerned. Cooley v. Scarlett, 38 Ill. 316; Mauck v. Mauck, 54 Ill. 281; Preston v. Hodgen, 50 Ill. 56–60; Secrist v. Petty, 109 Ill. 188; McIntosh v. Saunders, 68 Ill. 128; Wright v. Troutman, 81 Ill. 374; Kelsey v. Starkey, 11 Ill. App. 84; Frink v. Neal, 37 Ill. App. 621.

If appellant wished to question the correctness of such finding, he should have preserved the evidence by a certificate thereof. Moore v. School Trustees, 19 Ill. 82; Thomas v. Adams, 59 Ill. 223; McIntosh v. Saunders, *supra;* Kelsey v. Starkey, *supra.*

Having failed to do this, it appearing by the decree that proofs were heard in open court, there is nothing by which the correctness of the finding that the material allegations of the bill are true, can be impeached. Such finding must be presumed to be correct. Brown v. Miner, 128 Ill. 148–156.

The certificate of the clerk of the Superior Court as to the record is, that it is a true, perfect and complete transcript of the record as per praecipe filed. This is not a certificate of a complete record; how much was included in or what was omitted from the praecipe we have no means of knowing. Frink v. Phelps, 4 Scam. 558; Bertrand v. Taylor, 87 Ill. 235.

The decree, having been entered on the 9th of November, 1891, provided that unless payment of $3,592.13 be made within three days, with interest at six per cent, that the master proceed to sell the premises.

Since the passage of the interest statute, in force July, 1891, judgments and decrees only bear five per cent interest. The decree of the Superior Court is therefore affirmed in all respects save as to the provision in respect to interest, and the cause is remanded to the Superior Court with directions to modify its decree in accordance with the opinion of this court. Appellant will recover his costs in this court.

*Decree modified and cause remanded with directions.*