Almar Forming Machine Company, Appellee, v. F. and W. Metal Forming Machinery Company et al., Appellants.

Gen. No. 40,926.

Opinion filed October 26, 1939.

CAMPBELL, CLITHERO & FISCHER, of Chicago, for appellants.

LOUIS S. COHN, of Chicago, for appellee.

MR. PRESIDING JUSTICE DENIS E. SULLIVAN delivered the opinion of the court.

This is an interlocutory appeal from an order granting an injunction *ex parte* on a bill of complaint for specific performance of a contract for the sale and distribution of certain machinery, and also praying for an accounting for profits which the defendants are alleged to have made through violations of such contract.

The bill of complaint was filed on June 15, 1939 and defendant's answer thereto was filed on June 23, 1939.

On June 23, 1939, a motion was made by plaintiff for a temporary injunction as prayed for in the complaint. When the parties appeared before the trial judge he announced that the cause could not be heard until September, 1939. Thereafter, without notice to defendants, plaintiff went before a master in chancery without an order of reference as to the issuance of an injunction, and the master indorsed on the complaint a recommendation for the issuance of a temporary injunction upon filing a $5,000 bond. Some time thereafter without serving notice to the defendants or their attorneys of record, plaintiff's attorney again appeared before the trial judge and obtained the entry of the injunctional order, from which this interlocutory appeal is prosecuted.

The injunctional order stated that due notice of the motion had been served, and thereafter on motion of defendants' attorneys the chancellor corrected his injunctional order by entering another order stating that this language relating to notice was "inadvertently used and should not have been contained therein," striking all recitals of the injunctional order with reference to notice, presence of opposing counsel and arguments, and substituting therefor a paragraph reciting that the complaint had been submitted to one of the masters in chancery in the court, without notice to the defendants or their counsel, the defendants not being represented before the master, and the injunctional order was entered without notice to the defendants or their counsel and in their absence, solely on the recommendation of the master that a temporary injunction issue upon the filing of complainant's bond.

From the complaint and the exhibits attached thereto, it appears that plaintiff claims he entered into a contract with defendants, who were the sole licensees under United States letters patent, for the sale and distribution of certain machines; that said defendants did, contrary to the terms and provisions of said contract make direct sales of the machines known as

"method of and machine for bending sheet metal" and "edge bending machine" to dealers.

It further appears from said complaint that the contract provided that plaintiff should have the sole and exclusive right of sale and distribution of machines for three years from the date of said contract, namely, May 12, 1937; that it was the essence of said contract that the minimum number of machines to be sold during the year was 25 of one kind and 300 of another kind, there being two different machines described in the contract. It further is claimed by plaintiff that plaintiff should be given credit for the machines which had been sold prior to the date the contract was executed.

Plaintiff's argument is in part directed to the merits of the case. We are not concerned with such controversy at this time as the only thing now considered is the issuance of the temporary injunction.

The order for injunction further states that it was issued on the recommendation of a master. The plaintiff took the complaint before the master and without notice to any of the interested parties, although the appearance of the defendants had been entered. Prior thereto a general order of reference had been entered by the court, but it referred to the master in chancery the entire issues made by the pleadings and not the application for a temporary injunction. The action of the master was *ex parte*. The rules of court provide as to how a master shall conduct hearings after notice to parties not in default. The court adopted the recommendation of the master and incorporated it in his order of June 29, 1939, as a basis for modifying the order entered June 23, 1939, granting a temporary injunction. Said language reads as follows:

"And it appearing to the Court that said complaint has this day been submitted by the plaintiff to Julius H. Miner, one of the Masters in Chancery of this Court without notice to the defendants or either of them or their counsel of such appearance before said Master, neither of said defendants being represented before

said Master, and said Master having endorsed on said complaint in writing that he had examined the complaint and recommends that a temporary injunction issue as in the complaint prayed . . . .''

As before stated an injunction was issued without notice. There is no prayer in the bill asking for an injunction without notice and in addition to that such action is in violation of the statute. Chapter 69, par. 3, sec. 3, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 109.351] on Injunctions, reads as follows:

''No court, judge or master shall grant an injunction without previous notice of the time and place of the application having been given to the defendants to be affected thereby, or such of them as can conveniently be served, unless it shall appear, from the complaint or affidavit accompanying the same, that the rights of the plaintiff will be unduly prejudiced if the injunction is not issued immediately or without such notice.''

In the case of *Thulin v. National Ice & Fuel Corp.*, 293 Ill. App. 155, which is a case similar to the one before us for consideration, this court had occasion to call attention to the fact that the injunction was issued in direct violation of the statute. Such is also true in the instant case.

We know of no power or authority whereby a master in chancery is permitted to make recommendations for a temporary injunction, unless the same has been referred to him by the court for that purpose. *Preston v. Hodgen,* 50 Ill. 56. The master possesses no power to either add to or extract from the meaning of the words of the bill of complaint anything which the court itself could not discern. The master's recommendations, based on an *ex parte* hearing without evidence adds nothing to the bill nor can his conclusions or recommendations, merely based on reading the bill, be used as the sole basis for the issuance of an injunction such as the one under discussion in this case. If, however, the bill justifies the issuance of an injunction on its face, without notice, a different situation may arise, but in the instant case such a condition does not exist.

In addition to what has been said, one need but to read next to the last paragraph of the injunctional order to determine that the injunction cannot stand.

The court's order of June 23, 1939, contained the following:

"It Is Further Ordered that the defendant, F. & W. Metal Forming Machinery Co., a corporation, be and it is hereby ordered and directed to manufacture the machines designated in the exhibit attached to the sworn bill of complaint and designated as 'method of and machine for bending sheet metal' and 'edge bending machine,' in sufficient quantities to furnish the needs of the plaintiff for the sale and distribution thereof in quantities not less than the provisions contained in the contract between the respective parties." This amendatory provision, by its terms, puts the court in the position of determining how many machines should be furnished by defendants or at least to decide as to how many machines are sufficient to comply with the contract. In addition to that it is an uncertain preliminary mandatory order relative to matters, the status of which would be changed from day to day.

The primary purpose of issuing an injunction in any case is to maintain a status which exists and to cause no change until a hearing can be had, but it is not usually permissible as a preliminary injunction to issue what is known as a mandatory injunction which changes the status. In addition to this such multitudinous and detailed activities of individuals are not supervised and directed by a court of equity and the order directing that this be done should not have been entered.

Many other points are raised, but it is not necessary that they be passed upon at this time. Suffice it to say that the preliminary injunction should not have been issued and the court committed error in so doing.

For the reasons herein given the judgment order granting said injunction is reversed.

*Judgment reversed.*

Hebel and Burke, JJ., concur.