WILLIAM BROWNFIELD *et al.*

*v.*

THOMAS BROWNFIELD *et al.*

1. EVIDENCE — *as to the validity of a will.* Where the questions at issue were the manner of the execution of a will, and the influences which led to it, it appears that the exclusion of evidence showing the employment of fraud or undue influence would be error.

2. But in such a case it was not error to exclude evidence showing only that the testator, in his ordinary affairs, acted under the advice of the devisee, and was even influenced by that advice, since that alone would not tend to prove that he used undue influence in procuring the execution of the will.

3. *Mental capacity.* Nor is it error, in such a case, to admit oral evidence in reference to testator's not holding an equitable title to lands which he was devising. On the question of mental capacity it tended to show that his memory was good, that his sense of justice was unimpaired, that his judgment as

to the best means of preventing subsequent litigation with those holding the equitable title was sound.

4. WILL—*presumptions in favor of.* The law presumes that a will properly executed and attested, is valid, until the presumption is overcome by clear and satisfactory proof. And where the testator was shown to be a man of more than ordinary degree of force of character, and there was no diminution of capacity up to the time of his making the will, and no improper act by the devisee was shown, a finding by the jury in favor of the validity of the will was not disturbed.

5. WILL — *execution and acknowledgement of.* All that the statute requires in the execution of a will, is, that the testator shall either sign the will in the presence of the witness, or acknowledge his signature to him; and, therefore, in a contest as to the validity of an alleged will, the testimony of one of the subscribing witnesses, that the testator either signed the will in his presence, or acknowledged his signature to him, but he could not remember which, was properly allowed to go to the jury.

6. FINAL HEARING — *may be dispensed with.* It is not error for the chancellor to refuse to go through the form of a hearing, upon a bill to contest the validity of a will, where the verdict was supported by the evidence, simply to deny the relief which the jury had found the complainants were not entitled to receive.

7. ARGUMENT—*privileges of counsel.* While this court can perceive no valid reason for prohibiting counsel from arguing the case of a contested will in his own way before the jury, so long as he confines himself to the evidence and the legal principles involved, and is respectful and decorous, still, it does not appear that to refuse to permit the counsel to show the will to the jury on the argument, was an error for which the decree should be reversed.

8. INSTRUCTIONS—*when properly refused.* It is not error to refuse instructions which are not based on the evidence, though they may present correct abstract legal propositions; or, to refuse instructions where the principles which they announce are embodied in those that are given.

WRIT OF ERROR to the Circuit Court of Champaign county; the Hon. OLIVER L. DAVIS, Judge, presiding.

John Brownfield, a citizen of Champaign county, Illinois, died on the 6th day of July, 1863, leaving three hundred and seventy acres of real estate, valued at about sixteen thousand dollars, and about three thousand dollars in personalty; and leaving, also, what purported to be his will, whereby all his personal property and about two-thirds of his real estate was given to his youngest son, Thomas Brownfield; leaving, also,

ten children, or their descendants (who are the plaintiffs in error), besides the principal devisee, aforesaid. The will was admitted to probate in Champaign county, and the plaintiffs in error, on the 12th day of November, A. D. 1863, filed their bill in chancery, under the statute, to contest the validity of the will. The bill charges that the execution of the will was obtained by fraud and undue influence on the part of Thomas Brownfield, and that he fraudulently prevented the revocation of the will in the life-time of the testator. Issue was joined and the case submitted to a jury. At the first trial they failed to agree, and at the second trial found in favor of the validity of the will, and the court, upon the final hearing, dismissed the the bill. The complainants below sued out this writ of error, and allege that the decree should be reversed.

Messrs. WOOD & LONG, for the plaintiffs in error.

1. The court improperly excluded from the jury evidence which tended to show the previous general conduct of the devisee toward the testator. *McDaniel* v. *Crosby*, 19 Ark. 533; *Davis* v. *Calvert*, 5 Gill & J. 269.

2. The witness would not swear that the testator signed the will in his presence, nor would he swear that he acknowledged it in his presence. If he will not swear to either requirement of the law, how can it be that his testimony establishes one of them? *Boldry* v. *Parris*, 2 Cush. 433; *Butler* v. *Benson*, 1 Barb. (N. Y.) 527.

3. Upon the question of alterations and additions to the will, the counsel clearly had the right to show the will to the jury on the argument. *Schwarz* v. *Herrenkind*, 26 Ill. 208; *Burr* v. *Williams*, 20 Ark. 188.

4. The court erred in excluding testimony that the testator asked for the will to destroy it, and that the devisee promised to destroy it; this promise was binding on the conscience of Thomas, and equity will compel him to perform it. *Podmore* v. *Gunning*, 7 Simons, 644 (10 Eng. Ch. R. 241), *Sellack* v. *Harris*, 5 Viner Abr. 521; *Dakeford* v. *Wilks*, 3 Atk. 539; *Barrow* v. *Greenough*, 3 Ves. Ch. 152.

5. The doctrine in equity is, that what is obtained by fraud shall be returned; or if held by a legal title, it shall be held in trust for those to whom it rightfully belongs. *Allen* v. *McPherson,* 1 H. of Lords Cases, 222; *Marriot* v. *Marriot,* 1 Str. 673; *Allen* v. *McPherson,* 5 Beav. Ch. 483, and cases there cited; id. 19 Eng. Ch. (1 Phillips) 132; *Rigg* v. *Wilton,* 13 Ill. 15; *Card* v. *Grinman,* 5 Conn. 164; *Blanchard* v. *Blanchard,* 32 Verm. 62; 1 Redf. on Wills, 319, § 32; *Gaines* v. *Gaines,* 2 A. K. Marshall (Ky.) 190. These cases fully establish the rule, that where a testator is prevented by fraud from destroying or revoking a will, the devisee is a mere trustee for the heirs.

Mr. W. D. SOMERS, for the defendants in error.

1. Undue influences, in no way connected with the testamentary act, are not evidence to impeach the will. *Eckart* v. *Flowry,* 43 Penn. 46; *Small* v. *Small,* 4 Greenl. 220; *McMahan* v. *Ryan,* 8 Harris, 329; *Blakeley* v. *Blakeley,* 33 Ala. 611; *O'Neal* v. *Farr,* 1 Richardson, 80, 84; *Martin* v. *Teage,* 2 Speer, 268; *Miller* v. *Miller,* 3 Serg. & Rawle, 267; 1 Redf. on Wills, 524, § 2; 22 Wend. 526; 1 Williams on Ex. 44, and notes; 1 Green's Ch. 82; 2 Strobh. 44, 552; *Davis* v. *Colvert,* 5 Gill & J. 269, 301.

2. The presumptions of law are all in favor of the will. *Wilson* v. *Moran,* 3 Brad. Sur. 172; *Allen* v. *Pub. Adm.,* 1 Brad. Sur. 378; *Taylor* v. *Kelley,* 31 Ala. 59; *Davis* v. *Davis,* 3 Am. Law Reg. 533.

3. The law does not require, that a will shall be established on the concurring testimony of two of the subscribing witnesses. *Rigg et al.* v. *Wilton et al.,* 13 Ill. 15; *Nocks* v. *Nocks,* 10 Gratt. 113; *Sawyer* v. *Smith,* 8 Mich. 44; *Montgomery* v. *Perkins,* 2 Metc. 447; 3 Barb. Ch. 158; *Henry* v. *Thompson,* 6 Cow. 178; 2 A. K. Marsh. (Ky.) 229; *Roberts* v. *Phillips,* 4 Ad. & Ellis, 450.

4. The declarations of the testator were properly admitted as showing, that he possessed memory and mental capacity sufficient to fully understand the nature and character of his acts. *Converse* v. *Wales,* 4 Allen, 512; 1 Redf. on Wills, 551, § 1;

*Waterman* v. *Whitney,* 1 Kern. 157; *Dennison's appeal,* 29 Conn. 399.

5. The many offices held by the testator are evidence of his mental capacity, and it is not shown to be diminished. 26 Wend. 254; 3 Davies, 37; 17 Barb. (N. Y.) 246; 2 Comst. 498; 6 Harr. Dig. 1666; 18 Pick. 115; 3 Stark. Ev. 1708; 7 Pick. 99; 2 Greenl. Ev. 689.

6. The evidence of the attesting witnesses is conclusive as to the fact of the execution of a will. 2 Greenl. Ev. 677; 1 Jarm. on Wills, 118; Phil. on Ev. Am. Notes, 449; *Withington* v. *Withington,* 7 Mo. 589; *Murphy* v. *Murphy,* 24 id. 526.

7. The decree of the chancellor must be in accordance with the verdict of the jury, and a final hearing by him is therefore an unnecessary formality. *Rigg et al.* v. *Wilton et al.,* 13 Ill. 19; *Runkle* v. *Gates,* 11 Ind. 97; *Doe dem. Reed* v. *Harris* (Hil. T.) 6 Adolph & Ellis, 214; 3 Wood. Vin. Lect. 477; 2 Sto. Eq. §§ 816, 820; 1 Smith's Ch. 3; 2 Fonbl. Eq. 817; *Tarver* v. *Tarver,* 9 Pet. 180; *Gains* v. *Chew,* 2 How. (U. S.) 619, 645.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

On the 12th day of November, 1863, William Brownfield and a number of others, the heirs of John Brownfield, filed their bill in chancery, in the Champaign Circuit Court, against Thomas and Milton Brownfield, to impeach the last will of John Brownfield, deceased. The bill alleges that the will was obtained by fraud, and undue influence exercised by the defendants over the testator in the execution of the will. That, by its terms, Thomas is made the legatee of all the personal estate, and devisee of a large portion of the real estate, of which testator died seized. That testator was incompetent, at the time, to make a will, and that Thomas, who was a son, obtained its execution by fraud and undue influence. That testator, in his last illness, and while he was helpless, attempted to gain possession of the will for the purpose of destroying it, but was prevented by Thomas, who had taken possession of the keys of the

desk in which the will was deposited, and would not permit other persons to obtain and give the will to testator, that he might destroy it as he desired.

That he requested Thomas to burn it, which he promised to do, but never did. That he repeatedly made similar requests, and Thomas uniformly promised to do so, but failed to comply, and that testator died in the belief that the will had been destroyed.

Thomas Brownfield answered, admitting the death of testator as alleged; that he made a last will, but denies all fraud or undue influence, and insists that it was executed in due form, and that it is legal and binding, and that he took the title to the property according to the terms of the will. Denies that testator was influenced by any one in making the will, or that he was present when it was made. Asserts that the will was intrusted to him by testator in his life-time, and before his sickness, and that he and testator kept their valuable papers locked, in the same desk in which the will was deposited; admits that he kept the desk locked during testator's last illness, but denies that he refused to let testator have the key. Denies that the will was ever revoked, or that it could, under the law, be done by words spoken. Denies that testator desired to revoke the will, and alleges that he was deranged a portion of the time during his last illness, and that for many days before his death, testator was incapable of revoking the will, and that what he said was not with that intention.

Replications were filed and a trial subsequently had on an issue in fact submitted to a jury, who found the issues for defendant. Complainants entered a ·motion for a new trial, which was overruled by the court, and a decree pronounced, dismissing the bill. To reverse that decree this writ of error is prosecuted, and errors are assigned on the record.

It is insisted, that the court below erred in excluding portions of the deposition of Mary T. Brownfield. An examination of the excluded portion of her testimony shows, that it was in no wise connected with the execution of the will. The manner of its execution, and the influence which led to it, was

the question at issue. Had there been evidence showing the employment of fraud or of undue influence, directly connected with its execution, then this evidence might have been proper to explain such acts. But alone, it was too remote, and was properly excluded. The testator might have acted under the advice of his son, in his ordinary affairs, and even been influenced by that advice; and still we do not see, that it, alone, would tend to prove that he used undue influence in procuring the execution of the will. The same is true of the evidence of the witness Dunn, which was suppressed. It is urged, that the court below admitted improper evidence in favor of defendants in error. Jarvis testified, in reference to the execution of the will, that testator either signed the will in his presence, or acknowledged his signature to him, but could not remember which. There was no error in admitting this testimony. If the testator did either, it was all the statute requires, and he swears in positive terms, that the testator did the one thing or the other. If so, the requirements of the statute are answered. It is also insisted, that the court erred in admitting the oral evidence in reference to the testator not holding an equitable title to particular lands devised to the heirs of Benjamin Brownfield. On the question of the testator's mental capacity, it tended to show, that his memory was good; that his sense of justice was unimpaired; that his judgment, as to the best means of preventing subsequent litigation with those holding the equitable title, was sound. For that purpose it was properly admitted, and plaintiffs in error could by instructions have limited it to its legitimate effect.

It is insisted, that the court erred in not permitting counsel for plaintiffs in error to show the will to the jury on the argument. While we can perceive no valid reason for prohibiting counsel from arguing the case in his own manner, so long as he confines it to the evidence and the legal principles involved, and he is respectful and decorous, still it does not appear that this was an error for which the decree should be reversed. The will was in evidence before the jury, and they no doubt

had it in their retirement, where they could examine it, if they regarded it material to the formation of a correct verdict.

There were a very large number of instructions asked by both parties, a portion of which were given and a portion refused. Taking all of the instructions together which were given, and they fairly and fully present the law applicable to the evidence adduced upon the trial. A portion of those asked by plaintiffs in error may present correct abstract legal propositions, but are not based on the evidence, or the principles which they announce are embodied in those that were given. Others were erroneous, and, therefore, properly refused. The case seems to have been fairly presented to the jury on both the evidence and the instructions, and, while there might have been a conflict of evidence, had the excluded portion of the depositions been received, still the evidence would have largely preponderated in favor of the finding of the jury. But, with that evidence excluded, as it properly was, it is not claimed that the finding is against the weight of the evidence.

It appears that testator was a man of good business capacity, had filled several offices of responsibility, and requiring large information, good judgment, and more than an ordinary degree of force of character; and the witnesses all concur that there was no perceptible diminution of capacity up to the time of his making the will. Nor is there any evidence that Thomas did any act for the purpose of influencing his father in making it. It is true that he seems to have said to one of his daughters, that he would make no will, as the law made a suitable distribution of his property, but to others, not members of his family, he stated that he had made a will, and to one witness he stated that he had left all to Thomas. It was not for the jury, nor is it for the court, to say that he did wrong in making this disposition of his property, as the law gives the right to every one to dispose of property as he may choose. The law presumes that a will properly executed and attested is valid until the presumption is overcome by clear and satisfactory proof, which the evidence in this case fails to do.

It is insisted that the court below, after overruling the motion

for a new trial on the issue of fact, should have then heard the whole of the evidence, as well that admitted as the portions rejected. This proceeding is under, and must be governed by, the sixth section of the statute of wills. It declares that a bill may be filed at any time within five years after a will has been probated, to contest its validity. It also declares that it shall be tried by a jury in the Circuit Court of the county where the will has been recorded, according to the practice of courts of chancery in similar cases. Under this section, had the evidence failed to sustain the verdict, it would have been the duty of the court to set it aside, and have the question submitted to another jury. The object of the statute is to have the question determined and settled by a jury. But, if this were not so, the evidence in the case which the court had already heard, when submitted to the jury, did not require that a different decree should have been rendered. There was no necessity for going through the form of a hearing, simply to deny the relief which the verdict of the jury found plaintiffs in error were not entitled to receive. The decree of the court below is affirmed.

*Decree affirmed.*