## THOMAS L. MORGAN *et al.*

### *v.*

## HENRY D. CORLIES.

1. CIRCUIT COURT—*right of a judge to hold court out of his circuit.* A judge of one circuit may legally hold court in another, and when the record shows that such is done, it will be presumed he did so by request of the proper judge, it not being indispensable that the *placita* should show such fact.

2. CHANCERY PRACTICE—*when party must answer to the merits.* Where the time for answering a bill in chancery is extended by written stipulation, and in consideration of such extension the defendant is to answer to the merits, he must so answer, and if he pleads in abatement the pendency of another suit, it is proper to strike the plea from the files.

3. PRACTICE—*time to object to order.* If no objection is made at the time to an order of the court for the production of books of account relating to matters in suit, it will be presumed it was made by consent.

4. SAME—*time to object to depositions.* It is too late to object in this court, for the first time, that depositions read in evidence contained no caption or certificate. A motion to suppress must be made in the court below.

5. PLEADING AND EVIDENCE—*matters admitted by the pleadings need not be proved.* Where a bill in chancery and the answer thereto admit the existence of a partnership and an unsettled partnership account, proof of these facts is unnecessary, and a decree requiring an account may find such facts without other evidence than such admission.

6. CHANCERY—*when defendant should preserve evidence.* Where a decree is justified by the pleadings and the facts recited in the decree, it is the duty of the defendant to preserve the whole evidence in the record by bill of exceptions, or certificate, if he questions its sufficiency to justify the findings of the court.

WRIT OF ERROR to the Circuit Court of Champaign county; the Hon. LYMAN LACEY, Judge, presiding.

Mr. C. M. HARDY, for the plaintiffs in error.

Messrs. SWEET & DAY, for the defendant in error.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

From the time of the filing of the bill to the rendition of the decree, the court in which the cause was pending was held by several different judges, representing four different circuits, and it is urged that, as the record fails to show the reason why a circuit judge elected and residing in another circuit held the court in the county where the cause was pending, the proceedings are void.

It was held in *Jones* v. *Albee,* 70 Ill. 34, that a circuit judge of one circuit might legally hold court in another; and in *Reitz* v. *The People,* 77 Ill. 518, it was held, that when the *placita* of a record shows that a judge of another circuit presided at the trial, it will be presumed that he did so by request of the proper judge, whose duty it was to hold courts in such county; that while it would be well for the *placita* to show such fact, yet it was not indispensable that it should.

These decisions must be held conclusive of the question raised.

The next ground of error relied upon is, the order striking from the files a plea interposed by the defendants, of another suit pending, wherein the same matters are involved.

The order was proper, for the reason that the day previous a stipulation was filed, that the defendants should have until the last day of the term of court to answer, and in consideration of the extension of time they were to answer to the merits of the bill.    The court, no doubt, regarded the plea as a violation of the stipulation which had been filed, and could do no less than order it stricken from the files, on the motion made for that purpose.

It is also urged that it was error for Judge Smith to enter an order in the cause requiring the defendants to produce in court certain books of account, relating to matters involved in the bill, as he had previously acted as one of the solicitors for the complainant.

It does not, however, appear that any objection was interposed by the defendants to the action taken, at the time the order was made, and, in the absence of objection, we will presume the order was entered by consent.

Certain depositions have been transcribed into the record, which, it is urged, should not have been read in evidence on the trial, as they contain no caption or certificate, and are defective in other respects.

A sufficient answer to the position assumed is, that the defendants made no objection to the depositions in the circuit court, and the question raised here for the first time comes too late.    If the depositions were defective, it was the duty of the defendants to enter a motion to suppress them in the circuit court, and had the motion been overruled, then the defendants would have been in a proper position to insist in this court that the defects were fatal to the evidence.

It appears, from the record, that at the March term, 1874, of the court, a decree was rendered finding the existence of a partnership and unsettled account between the parties, and a reference to the master in chancery to state the account.    This decree is claimed to be erroneous, as the evidence to support it is not preserved in the record or recited in the decree; but the two facts, partnership and unsettled account, found by the decree, are alleged in the bill and admitted by the answer.

Under the pleadings, therefore, proof of the existence of these facts was not required.

At the September term, 1874, of the court, a decree was rendered, as follows: " After hearing the evidence of Charles L. Pratt, and others, the court, being fully advised in the premises, finds that the supposed conveyances from T. L. Morgan, assignee, to Charles L. Pratt, and from Pratt to George Morgan, were fraudulent, and that the same be set aside."

The court also decided that the master in chancery make a statement of account between the parties, and directed the manner in which the account should be stated.

During the same term of court, the report of the master was filed and approved, and a final decree entered, from which it appears the court found, from the evidence, that Thomas L. Morgan was indebted to the complainant, Henry D. Corlies, in the sum of $3900, which was decreed to be paid within ninety days.

Various objections, of a technical character, are urged against the decrees, none of which have any substantial merit.

Whether the decrees were fully sustained and authorized by the evidence heard upon the trial, we have no means of knowing, as the evidence was not preserved by bill of exceptions or certificate of evidence.

It was the duty of the defendants to preserve the whole evidence in the record, if they desired to question its sufficiency to sustain the decree of the court. This they have failed to do.

As the decree, therefore, is justified by the pleadings and the facts recited in the decree to have been found by the court on the hearing, the evidence not having been incorporated in the record to contradict the facts found by the decree, it will be affirmed.

*Decree affirmed.*