|107|210|
|---|---|
|121|568|
|107|210|
|128|155|
|29a|601|
|107|210|
|145|271|
|107|210|
|160|340|
|107|210|
|158|316|
|107|210|
|176|451|
|107|210|
|190|¹531|
|107|210|
|193|¹ 88|
|107|210|
|203|¹215|
|107|210|
|209|¹214|

### Ellis Long *et al.*

*v.*

### Jane Long *et al.*

*Filed at Springfield June 14, 1883.*

1. CONTESTED WILL—*in chancery—trial by jury—how far the finding conclusive.* In contested will cases in chancery the finding of the jury is conclusive, unless clearly against the weight of evidence. In this respect such cases differ from ordinary cases in chancery, and are treated the same as cases at law.

2. APPEAL—*reviewing the evidence.* In such a case the finding of the Appellate Court in conformity with the verdict of the jury, is conclusive upon this court upon all controverted questions of fact, the same as in an action at law.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Morgan county; the Hon. CYRUS EPLER, Judge, presiding.

Messrs. KETCHAM & HATFIELD, for the plaintiffs in error.

Messrs. MORRISON, WHITLOCK & LIPPINCOTT, for the defendants in error.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

George Long departed this life September 4, 1876, at his residence in Jacksonville, Morgan county, this State, leaving a widow, but no children, or descendants of children. On the 3d of July next preceding his death he executed an instrument purporting to be his last will and testament, by which he disposed of his entire estate, the greater portion of it being given to Caroline Smith, his niece, and Carroll C. Mayhew, an intimate friend, both of whom, together with Nimrod Sharp, were subscribing witnesses to the instrument in question. He made quite a number of bequests to other parties, but

they were all relatively small and insignificant. Upon the affidavits of Mayhew and Sharp, two of the subscribing witnesses, the instrument was admitted to probate in the county court on the 11th of September, 1876. On the 2d of November following, Elias Long and others filed in the Morgan circuit court the present bill to contest the validity of the will, on the alleged ground the testator was not of sound mind at the time of making the same, and that its execution was procured through the undue influence of Mayhew and Smith. An issue at law was made up, as directed by the statute, and submitted to a jury, who found, from the evidence before them, that the instrument in question was the last will and testament of George Long, and the court thereupon entered a decree in conformity with the verdict of the jury, which, on appeal, was affirmed by the Appellate Court for the Third District, and the plaintiffs in error bring the case here for review.

The rule is well settled by the previous decisions of this court, that in contested will cases like the present the finding of the jury is conclusive, unless clearly against the weight of evidence, (*Brownfield* v. *Brownfield*, 43 Ill. 147, *Meeker* v. *Meeker*, 75 id. 260, *Calvert* v. *Carpenter*, 96 Ill. 63,) and in this respect they are put upon the same footing with cases at law. Such being the case, it would seem to follow—and we so hold—the finding of the Appellate Court in conformity with the verdict of the jury, is conclusive upon all questions of fact.

Ordinarily the finding of the facts by the Appellate Court, in a chancery proceeding, is not conclusive on this court; but this class of cases, under the construction given to our statute, does not fall within the general rule, but such cases are treated in this respect, as we have already seen, as actions at law. The ordinary chancery case differs from one of this class in this, that in the former the chancellor is not bound to submit issues of fact to a jury. He may do so or not,

as he sees fit, or, having done so, he may make the decree conform to the verdict of the jury, or he may disregard it altogether, if he is of opinion the evidence, warrants it. In this class of cases, however, he has no discretion in the matter. He is bound to make an issue at law, and submit the same to a jury, by which all controverted facts are settled, and when so settled the chancellor is bound by the conclusion reached, unless the verdict is clearly against the weight of evidence.

Some complaint is made of the rulings of the court upon the instructions, and in the admission and exclusion of testimony; but after a careful consideration of the points made, we are unable to say the court committed any substantial error in the respect complained of.

The judgment of the Appellate Court is therefore affirmed.

*Judgment affirmed.*