## JAMES BROWN AND MARGARET BROWN

### v.

## MINER, FROST & HUBBARD.

*Practice—Error—Assignment of, in Favor of One not Joining in Writ—Issue as to Sanity of Party—Discretion of Court—Sufficiency of Officer's Return—Findings of Decree—Presumption—Recovery of Advances for Payment of Taxes.*

1. Errors which only affect one who did not join in the writ of error, can not be assigned on his behalf.

2. Where, taking the statements in an officer's return together, it appears that process was properly served, the return is sufficient.

3. In chancery the question whether an issue as to the sanity of a party should be referred to a jury is, except in certain special cases, entirely within the discretion of the court.

4. Where there is no bill of exceptions nor certificate of evidence, the presumption is that the findings of the decree were warranted by the proof.

5. Upon the foreclosure of a mortgage the allowance to the complainants of advances for the payment of taxes made after the filing of the bill, is held to have been improper under the prayer for general relief—the contingencies which would require such payment by them being set forth in the bill.

[Opinion filed May 21, 1886.]

IN ERROR to the Circuit Court of Scott County; the Hon. CYRUS EPLER, Judge, presiding.

Messrs. CALLON & THOMPSON, for plaintiffs in error.

If defendants in error paid any taxes after filing their bill, they should have set up the fact in a supplemental bill. It was error to grant relief not prayed for nor justified by the allegations of the bill. The general prayer does not cure the error in the absence of appropriate allegations. "The decree must conform to the prayer of the bill." Hall v. Towne, 45 Ill. 493; Ward v. Enders, 29 Ill. 519; Dodge v. Wright, 48 Ill. 382; DeLeuw v. Neely, 71 Ill. 473; Gunnell v. Cockerill, 84 Ill. 319.

The issue as to the insanity of James Brown should have

been tried by a jury. Myatt v. Walker, 44 Ill. 485; Pankey v. Raum, 51 Ill. 88; Hahn v. Huber, 83 Ill. 243.

The service of the summons on James M. Brown was not in compliance with the statute. " In serving process by copy the return of the officer must show a strict compliance with the statute before the court can obtain jurisdiction of the person."

This case is almost identical with the case of Hochlander v. Hochlander, 73 Ill. 618, in which the return was held to be " too indefinite and uncertain, as it fails to show what the officer read, or of what he served a copy."

Messrs. J. M. RIGGS and J. A. WARREN, for defendant in error.

"A party dissatisfied with the findings of fact upon which the decree is based must bring the testimony before this court that will show that such facts were erroneously found, otherwise this court will presume the evidence warranted the finding of fact as recited in the decree." Groendyke v. Coffeen, 109 Ill. 334.

Plaintiffs in error can not assign error for said James M. Brown, nor complain of any finding against him not shown by the record to injuriously affect their rights. Clark v. Marfield, 77 Ill. 258; Havinghorst v. Lindberg, 67 Ill. 468; Kennedy v. Kennedy, 66 Ill. 190; I. C. R. R. Co. v. Gills, 68 Ill. 317; Richards v. Green, 78 Ill. 525.

The doctrine of the Supreme Court is not that an issue shall be made to a jury in all cases in equity involving questions of insanity. Hahn v. Huber, 83 Ill. 244; Milk v. Moore, 39 Ill. 584; Dowden v. Wilson, 71 Ill. 486; Fanning v. Russell, 94 Ill. 386.

James M. Brown not having joined in prosecuting the writ, no error can be assigned on his behalf, nor can plaintiffs in error assign for error any action of the chancellor not injuriously affecting their interests. Kennedy v. Kennedy, 66 Ill. 190; Havinghorst v. Lindberg, 67 Ill. 468; I. C. R. R. Co. v. Gillis, 68 Ill. 317; Clark v. Marfield, 77 Ill. 258; Richards v. Green, 78 Ill. 525.

In an ordinary cause in chancery it is within the discretion of the chancellor whether to take the verdict of a jury on a question of sanity. Rev. Stat., Ed. 1885, Chancery Practice, Sec. 40; Meeker v. Meeker, 75 Ill. 260; Long v. Long, 107 Ill. 210.

The verdict of a jury should only be taken where the evidence is voluminous, the facts complicated and the question doubtful. Milk v. Moore, 39 Ill. 584; Dowden v. Wilson, 71 Ill. 486.

The chancellor having recited in the decree that the master had taken and reported the testimony, and that report not appearing on the files, it will be deemed to have been lost. Hess v. Voss, 52 Ill. 472.

Where evidence in chancery cause is not otherwise prevented, the recitals and findings in the decree are conclusive as to the facts. Sheen v. Hogan, 86 Ill. 16; McIntosh v. Saunders, 68 Ill. 128; Morgan v. Corlies, 81 Ill. 72; Davis v. Christian Union, 100 Ill. 313; Groendyke v. Coffeen, 109 Ill. 334; Hannas v. Hannas, 110 Ill. 53.

If plaintiffs in error desired to question the recitals or findings of facts in the decree, it was their duty to cause all the evidence to be preserved. McIntosh v. Saunders, 68 Ill. 128; Morgan v. Corlies, 81 Ill. 72; Groendyke v. Coffeen, 109 Ill. 334.

PLEASANTS, J. This was a foreclosure bill filed April 15, 1884, by defendants in error, who were bankers, against plaintiff in error, as mortgagors, and other defendants, as having or claiming some interest in the mortgaged premises, but alleged to be subsequent and subject to that of complainants.

It set forth the note and mortgage *in hæc verba*, which were dated April 6, 1883, for $13,500, payable on or before five years, with annual interest at seven per cent.; and provided that in default of payment of such interest, or any part thereof, at any time before maturity of said note, or in case of waste, or of non-payment of taxes or assessments on the mortgaged premises, by the mortgagors, the whole amount of the principal and accrued interest should thereupon be-

come due and payable at the option of the legal holder, and that out of the proceeds of sale under any decree of foreclosure of said mortgage should be paid—first, the expense of advertising, selling and conveying said premises, together with $100 for solicitor's fees and all moneys advanced for taxes, assessments and other liens, and then the principal of said note, whether due or not, and the interest accrued thereon. It averred that default was made in the payment of the interest due April 6, 1884; also that the taxes for the year 1883 had long since become due and payable, but the mortgagors had wholly neglected and failed to pay the same or any part thereof, and that said taxes still remained wholly due and unpaid; and the prayer was that an account be taken of the amount due on said note and mortgage, and its payment decreed to be made by a short day, with $100 for solicitor's fees, and, in default thereof, for a sale and foreclosure in the usual form.

All the defendants, excepting plaintiffs in error, were defaulted. Margaret Brown filed an affidavit, setting forth that before and at the time of the execution of said note and mortgage, her husband and co-defendant, the said James Brown, was and still is *non compos mentis*, and praying that a guardian *ad litem* be appointed for him. The appointment was made, and the guardian filed his answer, stating the mental condition of his ward, calling for strict proof; and submitting his rights and interests to the protection of the court. Said Margaret also answered, admitting the execution of the note and mortgage as alleged, but averring that the consideration thereof was mainly indebtedness due complainants from the firm of August & Brown, of which her husband had been a member; that upon its dissolution its books of account, by agreement of complainants and said firm, were left with said August for settlement and collection; that he collected money enough to liquidate said indebtedness of complainants, which was deposited in their bank to be credited thereon, but said complainants afterward, in violation of said agreement and without the knowledge of Brown, permitted him to withdraw it for other uses, and that the residue of said consideration was money loaned by complainants

to said Brown, with notice of his mental incapacity to transact ordinary business, which is again averred as in the affidavit above referred to.

To these answers a general replication was filed, and besides the papers mentioned and the process and returns thereof, the transcript of the record shows only the final decree of November 21, 1884, which purports to have been made on a hearing upon said pleadings, "and also the proofs taken and reported by the master in chancery of this court, and testimony heard in open court."

It recites the default of the other defendants, the appointment of a guardian *ad litem* for said James Brown, the entry of a rule upon him and said Margaret to answer, and an order that " on notice of filing such answers and replication thereto the cause stand referred to the master to take proof; that the court now found the allegations of the bill, which are specifically set forth, to be true ; among other things, that the taxes on the mortgaged premises for the year 1883 were due before the filing of the bill ; that the mortgagors had wholly neglected and failed to pay them, and that the same remained due and unpaid ; that complainants have paid as taxes on said premises, $182.05 ; that defendant, James M. Brown, is in possession of a portion of said premises as tenant of Ellen and Margaret Brown, who are also defendants, under a lease which will expire on March 1, 1885 ; that at the time of the execution of said note and mortgage the defendant, James Brown, was of sound mind and fully qualified to transact his own business; that the amount due on said note, reduced by payment to complainants by a subsequent grantee of the mortgagors of the price of a portion of said mortgaged premises, and which had been thereupon released from the lien of said mortgage, was $12,636.98, for which sum said mortgage was a prior lien.

It then decrees that said mortgagors pay the same in twenty days, with lawful interest from the date of said decree, and $182.05 for taxes advanced by complainants, with costs, including $100 for solicitor's fees, and in default thereof, a sale and foreclosure in the usual form.

Brown and Brown v. Miner, Frost and Hubbard.

The defendants, James Brown and Margaret Brown, who only sued out and prosecute this writ, assign the following as errors in these proceedings:

First. That the court rendered a decree against the defendant, James M. Brown, *pro confesso*, without jurisdiction of his person.

As to said defendant and some others, the return indorsed on the summons is as follows: "I have duly served the within named James M. Brown" and others named, "by leaving a true copy *thereof* for each," etc. Standing alone, this might be insufficient, as failing to show of what a true copy was so left. Hochlander v. Hochlander, 73 Ill. 618. But it immediately follows another as to still other defendants, which is: "Served *the within* by reading *the same* to the within named John L. Brown," etc. Taken together, then, the statements of the officer are that as to some of the defendants he served "the within" (writ) by reading "the same," etc., and as to others by leaving a true copy "thereof," which are plain and sufficient.

But if it were otherwise the error would be unavailing. In Clark v. Marsfield, 77 Ill. 262, the Supreme Court said: "The only other ground for reversal insisted on, that need be noticed, is that the service on Simpson was not sufficient. He has not joined in this writ of error, and we are not aware that other parties can assign errors on his behalf that only affect him. Hannas v. Hannas, 110 Ill. 53. From the findings as to the interest of James M. Brown, it is clear that the decree against him could work no injury to plaintiffs in error.

Again, it is said, the court should have framed an issue at law upon the sanity of the mortgagor, James Brown, and submitted it to a jury for trial as was directed in Myatt v. Walker, 44 Ill. 485.

By the general law of chancery procedure a reference of the issue to a jury is imperative only in the cases of an heir at law, a rector or a vicar. Daniell's Ch. Pr. 1075. (Little, Brown & Co.'s edition of 1871.) Our statute has made another exception to the general rule in case of the contest of a will on the ground of insanity of the alleged testator. R. S.

"Wills," Sec. 7. With these exceptions such a reference is entirely in the discretion of the chancellor. R. S. "Chancery," Sec. 40; Milk v. Moore, 39 Ill. 584; Dowden v. Wilson, 71 Ill. 485; Meeker v. Meeker, 75 Ill. 260; Fanning v. Russell, 94 Ill. 386; Long v. Long, 107 Ill. 210. Upon any issue where the facts are complicated, or the evidence voluminous, conflicting or doubtful, it may be advisable, as these cases fully show; and in this condition, upon an issue of sanity, its refusal may be regarded as such an abuse of the discretion given as to justify a reversal. Myatt v. Walker, 44 Ill. 485.

But the mere fact that the issue is upon the sanity of a party to the proceeding, or other person, however material, will not make such a reference imperative. Hahn v. Huber, 83 Ill. 244; also Meeker v. Meeker, 75 Ill. 260, and Long v. Long, 107 Ill. 210. And no such condition appears in the case at bar nor is it to be presumed in the absence of the evidence which it was the duty of plaintiffs in error, if dissatisfied with the findings, to preserve in the record. Where there is no bill of exceptions nor certificate of evidence the presumption will be that the findings of the decree were warranted by the proofs. Hannas v. Hannas, 110 Ill. 53; Groendyke v. Coppeen, 109 Id. 334; Davis v. Am. and Foreign Chr. Union, 100 Ill. 313; Sheen v. Hogan, 86 Ill. 16; Morgan v. Corlies, 81 Ill. 72; McIntosh v. Saunders, 68 Ill. 128.

Lastly, it is claimed the allowance to complainants for moneys advanced to pay taxes on the mortgaged premises was erroneous, because no foundation for it was laid in the averments or prayer of the bill.

It appears that when the bill was filed they had not, in fact, advanced any moneys for that purpose, nor could certainly know they would. Hence it contained no allegation of such advance, nor prayer for any allowance on account thereof, or other specific relief in respect thereto. But it did set forth their right to such allowance upon the failure of the mortgagors to pay said taxes and their own advancement for that purpose, and that the mortgagors had so failed, and prayed, in addition to specific relief as to the mortgage debt proper and the solicitor's fee to which they were entitled for breach of

the principal condition, "for such other and further relief in the premises as equity may require."

Then, upon due proof of such advancement by them and the amount thereof, equity and the express covenant in the mortgage required that they be reimbursed out of the proceeds of the sale of the mortgaged premises.

Thus, though the right to it was not absolute when the bill was filed, it was clearly contemplated upon two contingencies therein set forth, of which one was averred to have already happened and the other was manifestly but little less certain to follow before decree than was the interest to accrue upon the principal of the debt, and the decree found as a fact that it did so follow. We incline to think here was sufficient basis for the relief granted under the general prayer, without a supplemental bill. Certainly it is a different case from that of DeLeuw v. Neeley, 71 Ill. 473. The allowance was clearly just, and, technically considered, not so clearly erroneous as to require a reversal or modification of the decree.

*Decree affirmed.*