MARIA GALLAGHER ET AL.

V.

MARY KILKEARY ET AL.

*Practice—Motion to Re-docket—Final Decree—Freehold Estate—Wills.*

Upon a motion to re-docket a cause and set aside the final order entered therein at a former term of court, this court holds that its power over the same terminated with such former term, and that further action on its part would be unauthorized and void.

Gallagher v. Kilkeary.

[Opinion filed February 27, 1889.]

In error to the Circuit Court of St. Clair County; the Hon. George W. Wall, Judge, presiding.

Mr. F. C. Cockrell, for plaintiffs in error.

Messrs. Turner & Holder and B. H. Canby, for defendants in error.

*Per Curiam.* This is a motion to re-docket the cause and to set aside the final order entered in the cause at the August term, 1888, of this court, reversing and remanding the cause.

The ground of this motion is that this court had no jurisdiction to hear the cause for the reason that the will involved in the case devised real estate in fee and therefore involved a freehold.

No question was made on the hearing of the writ of error in this court as to the jurisdiction of this court. In numerous cases of the same kind as this the Appellate Court assumed jurisdiction to hear and decide the cases, and the same afterward were taken to the Supreme Court, and the latter court in none of them questioned the jurisdiction of the Appellate Court. Calvert v. Carpenter, 96 Ill. p. 63; Long v. Long, 107 Ill. 210; McMillan et al. v. McDill et al., 110 Ill. 47; American Bible Soc. v. Price, 115 Ill. 623.

These cases show that the practice of both the Appellate and Supreme Courts has recognized such cases as within the jurisdiction of the Appellate Court.

Whether this is the correct practice we do not feel called upon now to decide. It is sufficient to dispose of this motion to say that, whether this court had jurisdiction of the case or not, it has passed beyond our control and we have no power to set aside a final order or decree of this court made at a former term of the court.

We hold that our power over the case ceased when the August term of this court terminated without a petition for rehearing, and any action we might now take would be without authority and void.

*Motion overruled.*