## Perry G. Fisher v. John Holden.

*Mortgage—Payment—Foreclosure—Equity pleading—Supplemental bill.*

1. After accepting a tender made by a mortgagor in *full satisfaction* of the mortgage debt, interest, and accrued costs of a pending statutory foreclosure, as understood by the parties at the time of such acceptance, the mortgagee cannot treat the transaction as a partial payment, and proceed with his foreclosure, and a sale made thereunder will be treated as absolutely void.

2. After filing a bill for an accounting as to the amount due on a mortgage which was in process of foreclosure at law, the complainant tendered to the mortgagee the amount due upon the mortgage, and the costs of the foreclosure, which tender was accepted, but afterwards treated as a partial payment, and the sale made. The facts of such tender and sale were not put in issue by the pleadings, but were shown by the proofs; and on

an appeal from a decree dismissing complainant's bill it is held that the subsequent transactions by which the mortgage lien was discharged could only be shown by a new or supplemental bill, and the decree is reversed, and the case remanded, with leave to complainant to file such supplemental bill, the proofs already taken to stand as proofs in the case, with leave to put in such other proofs relating to the new matter put in issue as the parties may deem best.

Appeal from Barry. (Hooker, J.)  Argued January 9, 1891. Decided February 6, 1891.

Bill to set aside a statutory foreclosure of a mortgage, and to procure a discharge of the lien. Complainant appeals. Reversed, and cause remanded, with leave to file supplemental bill. The facts are stated in the opinion.

*C. G. Holbrook* (*O. T. Tuthill*, of counsel), for complainant.

*Stuart, Knappen & Weaver*, for defendant.

LONG, J. This bill is filed for an accounting on a certain note and mortgage given by the complainant, and that the interest may be computed at the rate of 8 per cent., and that, upon such accounting and payment, the mortgage lien may be discharged. The note and mortgage were given April 13, 1875, drawing interest at 10 per cent., due in one year. Certain payments are conceded to have been made. The controversy arises over the amount due on the note and mortgage, the rate of interest at which it is to be computed, and a claimed tender of the amount due.

We shall discuss but a single point. The bill was filed August 2, 1888. The premises were advertised for sale under a statutory foreclosure, the sale to take place on August 4, 1888. On that date, and before the sale, the complainant, by his attorney, tendered to the defendant, mortgagee, the amount which complainant claimed was

the full amount due to that date. The defendant received the money, put it in his pocket, and then declared that he would not receive it in full discharge of the mortgage, but would indorse it as a partial payment. To this complainant's attorney objected; but the money was retained by the defendant, indorsed on the mortgage, and he proceeded with the sale, bidding in the premises at $88.65, taking a sheriff's deed. On the hearing in the court below the complainant's bill was dismissed.. We need not set out the testimony here, but from the testimony returned we are satisfied that the complainant tendered the money in full satisfaction of the mortgage, interest, and costs, and that it was so understood by the parties at the time it was accepted by the defendant. The defendant had no right thereafter to treat it as a partial payment, and proceed with his foreclosure sale. The sale so made would be treated as absolutely void, as the payment operated as a satisfaction and discharge of the mortgage.

The difficulty of the complainant's case, however, is that this tender of payment and acceptance of the money took place after the bill was filed. It is no part of the case made by the bill, though shown by the proofs. It is also claimed by the defendant's counsel on the argument here that these facts might have been rebutted if they had been made issues by the pleadings. There is some force in this position. If these were matters which might be disposed of by an amendment of the bill, we should feel disposed to treat the bill as amended, and decree the lien of the mortgage discharged by the acceptance of the tender, and also that the deed given on the sale be set aside. But these subsequent transactions, by which the mortgage lien became discharged, could only have been met by a new bill, or a bill supplemental to the present. To dismiss the bill now, after the time of redemption

has expired, would be most inequitable. We shall therefore reverse the decree of the court below, and remand the case. The complainant may have leave to file a supplemental bill in the court below setting out these subsequent transactions, the proofs already taken to stand as proofs in the case, with leave to the parties to put in such other proofs relating to the issue thus made as they may deem best. The complainant will recover costs of this Court.

The other Justices concurred.