## Solomon Loewenstein v. Leland S. Rapp and Lillian M. Rapp.

1. EQUITY PLEADING—*References to Instrument Relied Upon.*—If a plaintiff, by his bill, describes and gives the general purport of any instrument under which he claims, and refers to such instrument in support of his claim, the effect of such reference is to make the whole instrument referred to, when produced, a part of the record.

2. EQUITY PRACTICE—*Decree for Taxes Paid Pendente Lite.*—In a suit to foreclose a mortgage, it is proper to allow the complainants for money advanced for the payment of taxes, after the filing of the bill under the prayer for general relief; the contingencies which would justify such payment having been set forth in the bill.

3. VARIANCE—*In Equity.*—In equity, relief will not be denied because of mere variance, unless the case stated and the case found are so materially variant as to prevent a decree in favor of the complainant.

**Foreclosure of Mortgage.**—Appeal from the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Heard at the October term, 1896. Affirmed. Opinion filed January 7, 1897.

### STATEMENT OF THE CASE.

This suit was to foreclose a trust deed upon certain premises in Cook county, Illinois.

By his trust deed, dated February 21, 1894, appellant conveyed the premises in question to Albert H. Adams, as trustee, which trust deed recited an indebtedness of $3,750, evidenced by three notes, each for $1,250.

In the decree of foreclosure, the lower court has included two items to which appellant takes exception, viz., an item of $67.92 for taxes and assessments upon the premises, paid *vendente lite* by appellee; second, $100 for solicitor's fees in the foreclosure suit. Objection to the allowance of these items was made by the appellant before the master, and renewed by exceptions filed to his report, and appellant now submits to the consideration of this court the propriety of the decree in these regards.

Samuel J. Lumbard, attorney for appellant.

Schintz & Ives, attorneys for appellees.

Mr. Justice Waterman delivered the opinion of the Court.

The provisions of the trust deed, regarding payment of taxes and solicitors' fees, are as follows:

" To obtain a decree for the sale and conveyance of the whole or any part of said premises, for the purpose herein specified,  *  *  *  and out of the proceeds of any such sale to first pay the costs of such suit, all costs of advertising, sale and conveyance, including the reasonable fees and commissions of said party of the second part, or person who may be appointed to execute this trust, and one hundred dollars attorneys' and solicitors' fees, and also all other expenses of this trust, including all moneys advanced for insurances, taxes and other liens or assessments, with interest thereon at seven per cent per annum, then to pay the principal of said notes, whether due and payable by the terms thereof, or the option of the legal holder thereof, and interest due on said notes up to the time of such sale, rendering the overplus, if any, unto the said party of the second part.

It is agreed that said grantor shall pay all costs and

attorneys' fees incurred or paid by said grantee, or the
holder or holders of said notes, in any suit in which either
of them may be plaintiff or defendant, by reason of being
a party to this trust deed, or a holder of said notes, and that
the same shall be a lien upon said premises, and may be in-
cluded in any decree ordering the sale of said premises, and
taken out of the proceeds of any sale thereof."

The taxes were not paid until they had become a lien
upon the premises, the removal of which lien was within
the power of appellees for the protection of their security.
Brown v. Miner, 21 Ill. App. 60; same case, 128 Ill. 148.

A default which had not occurred—failure to pay taxes—
could not be alleged in the bill. When such default hap-
pened, it was not necessary that a supplemental bill, setting
this up, should be filed. Brown v. Miner, 21 Ill. App. 60.

The allegations of the bill regarding the trust deed were
sufficient to make the trust deed a part of the bill, for the
purpose of permitting appellees to make proof of payment
of taxes *pendente lite.*

In equity, relief will not be denied, because of mere vari-
ance, unless the case stated and the case found are so
materially variant as to prevent a decree in favor of the
complainant. 1 Barton's Chy. Pr. 260.

In stating deeds or other written instruments in a bill, it
is usual to refer to the instrument itself, in some such words
as the following, namely: "as by the said indenture, when
produced, will appear." The effect of such reference is to
make the whole instrument referred to part of the record.
The effect of referring to it is to enable the plaintiff to rely
upon every part of the instrument, and to prevent his be-
ing precluded from availing himself, at the hearing, of any
portion, either of its recital or operative part, which may
not be inserted in the bill. Thus it seems that a plaintiff
may, by his bill, state simply the date and general purport
of any particular deed or instrument under which he claims,
and that such statement, provided it is accompanied by a
reference to the deed itself, will be sufficient. 1 Daniell's
Ch. Pl. & Pr. (6th Am. Ed.) p. 369; Swetland v. Swetland, 3
Mich. 482.

The solicitor's fee allowed was shown to be reasonable, and was properly included in the decree. Telford v. Gar. rels, 132 Ill. 555.

In the present case, the trust deed directly authorizes such inclusion.

The payment of the taxes was for the benefit of appellant, and the decree for solicitor's fees only what he stipulated for. The decree of the Superior Court is affirmed.