## Jennie Crone v. Thomas W. Crone.

1. EVIDENCE—*Declarations of Payee of a Note as Against an Indorsee.*—A claimed to have been in partnership with B in the saloon business, and after B's death filed a bill against his wife, seeking to

Crone v. Crone.

establish such claim and to obtain a share of the proceeds of a sale of the saloon made by B during his last illness. The evidence showed that notes for which the saloon was sold were given to the wife, and that she claimed as an indorsee and not as an heir or purchaser. *Held*, that B's declarations as to the ownership of the saloon were admissible against her.

2. SAME—*Questions Calling for Conclusions Improper.*—The questions, " why was this $1,000 to be paid to complainant;" and " why was complainant's name over the door of the saloon ? " are improper, as they call for the conclusions of a witness.

3. VARIANCES—*In Equity.*—While the rule is that the allegations and proofs in proceedings in equity must correspond, relief will not be denied because of mere variance, unless the case stated and the case found are so materially variant as to prevent a decree in favor of the complainant.

**Bill,** for an accounting. Appeal from the Superior Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in this court at the March term, 1897. Affirmed. Opinion filed June 14, 1897.

CONSIDER H. WILLETT, attorney for appellant.

The allegations and proofs in chancery must correspond; and however clear the evidence may make a case for the complainant, unless in the bill there are averments of the shape made by the evidence, he can not have a decree. Rowen v. Bowles, 21 Ill. 17. He must stand or fall by the case made in his bill. Gage v. Curtis, 122 Ill. 520. He can not allege one case and recover by proof of another. Trunkey v. Hedstrom, 131 Ill. 209.

It is also the rule that all facts must be clearly and positively averred in (pleading Primmer v. Patten, 32 Ill. 531), and not by way of recital, and the right, title and interest of the complainant should be stated with accuracy, clearness and precision, and the proof must correspond with the allegations. Put. Chan. (4th Ed.), 46; Fitzpatrick v. Beatty, 1 Gilm. 454; Morrison v. Smith, 130 Ill. 304.

The rule that proofs without corresponding allegations are, in equity, as unavailing as allegations without proofs, is familiar to every lawyer. Angelo v. Angelo, 146 Ill. 633.

GEORGE B. POWER and ASA Q. REYNOLDS, attorneys for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

August 4, 1896, Walter S. Crone died in Chicago, leaving as his only heirs, appellant, his widow, appellee, his father, and Mrs. Knapp, his sister.

Walter Crone had been a saloon keeper. Appellee claimed to have furnished most of the capital therefor, and to have been a partner therein.

A bill was filed by appellee to establish such claim and obtain a share of the proceeds for which the saloon was by Walter sold during his last illness.

The declarations of Walter as to the ownership of the saloon were properly received.

Appellant was not a purchaser. The notes for which the saloon was sold were given to her, and she claimed as an indorsee, not as an heir of her husband.

Appellee filed a bill claiming that the transfer, gift, of the notes to appellant, was a fraudulent transfer, because the consideration of the notes belonged in part, only, to Walter, and he could not either keep or give away what belonged to his partner, appellee.

The declarations of Walter against his interest were admissible. Cowen and Hill's Notes to Phillips on Evidence, Vol. 1, pages 256-267.

The objections to the following questions asked of appellant by her counsel: "Why was this $1,000 to be paid to complainant," "and why complainant's name was over the door of the saloon," were properly sustained. Each called for the conclusion of the witness.

While the rule is that the allegations and proofs in proceedings in chancery must correspond, relief will not be denied because of mere variance, unless the case stated and the case found are so materially variant as to prevent a decree in favor of the complainant. Lowenstein v. Rapp, 67 Ill. App. 678; Barton's Chancery Practice, 260.

We find in this case no variance so material as to require the setting aside of the decree rendered.

The evidence abundantly sustains the decree, and it is affirmed.