Kelly v. Galbraith.

## Thomas Kelly et al. v. Fanny D. Galbraith, Executrix, et al.

1. MISTAKES—*Power of Equity to Reform.*—Courts of equity have power to reform an instrument for a mistake of fact, but the mistake must be mutual or common to both parties, and must be proven by clear and satisfactory evidence.

2. EQUITY PRACTICE— *When Too Late to Raise the Point that There is an Adequate Remedy at Law.*—The point that there is an adequate remedy at law and no ground for the intervention of equity not having been raised in the court below, can not be raised in a court of review for the first time.

3. SAME—*Supplemental Bills, When Proper.*—The general rule is that new matter arising after the commencement of the suit, must be brought before the court by supplemental bill, if such new matter is to be made the basis of distinct relief.

4. SAME—*The Rule Relaxed as to Supplemental Bills.*—In modern practice the rule as applied to accountings is relaxed so as to permit them to cover periods *pendente lite* and down to the time of the decree.

5. SAME—*Relief Not Necessarily Limited to the Facts Existing at the Commencement of the Suit.*—While it is true that in suits in equity the right to decree is not limited to the facts as they existed at the commencement of the suit, and the relief administered may be such as the nature of the case and the facts as they exist at the close of the litigation demand, yet it is the established rule of chancery practice that such of the facts as have arisen after the bill is filed, if made the basis of relief, must be presented to the court by supplemental bill.

Appeal from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding. Heard in this court at the March term, 1899. Affirmed. Opinion filed February 5, 1900.

Statement.—Appellees filed their bill of complaint to obtain reformation of a lease and a decree for the amount of rent due thereunder. The following facts were set forth by the allegations of the bill: That Galbraith, the testator of appellees, was possessed of premises at corner of Franklin and Madison streets, in the city of Chicago, upon which was located a store and warehouse building. In 1892 he undertook the reconstruction of the building by dividing it into separate stores, and while the process of reconstruction was going on he demised to appellants one of these separate stores. At the time of the leasing, street numbers had not been given to the new stores. In the written lease executed by the parties the premises demised were described as No. 129 Franklin street. It is alleged that the description written in the lease before it was executed contained the further description, " the first store and basement north of the main entrance on Franklin street." It is alleged that the store which was afterward numbered 123 Franklin street is the store which the parties to the lease contemplated; that it is the first store and basement north of the main entrance of the building on Franklin street, and that the description " No. 129" written in the lease is a mistake of the scrivener. It is also alleged that by mistake the word " he " is written in the lease instead of the word " they."

The bill further alleges that appellants entered into the possession of No. 123 Franklin street and occupied it under the lease; that appellants have paid rent for these premises according to the terms of the lease from May 1, 1892, to and including December 31, 1894; that at the time of filing the bill of complaint, viz., March 5, 1895, there was due to appellees from appellants, rent under the terms of the lease for the months of January, February and March, 1895, and that appellants have refused to pay the same. It is further alleged that there was not, in fact, previous to and at the time of the leasing, and never has been, such a street number as No. 129 Franklin street, and that there are in fact no premises known as such in the city of Chicago; that the lessor relied upon the written lease as being correct, as the lease agreed upon between the parties; that he never

Kelly v. Galbraith.

discovered the mistake until the 14th of February, 1895, when it was discovered by the complainants' agents; that since the discovery they have requested appellants to join in the correction of the lease, and that such request has been refused.

The relief prayed was the correction of the mistake and the reformation of the lease so that the description of the property demised therein would read, " the store and basement known as 123 Franklin street, Chicago, Illinois," and by changing the word " he " to " they " in one of the covenants.  There was also a prayer that the appellants be decreed to pay all the rents due and unpaid at the time of the rendering of a decree.

The answer of appellants to the bill of complaint in effect sets up that the lease when executed contained only the description " No. 129 Franklin street; " that such description was not inserted by mistake; that the further description, " the first store and basement north of the main entrance on Franklin street," was interpolated after the lease was executed by appellants; that the premises contemplated by the parties to the demise were not the premises 123 Franklin street, but were premises which were never constructed, by reason of a change in the plan of reconstruction made after the execution of the lease.  The answer admits occupancy of premises No. 123 Franklin street, payment of rent as required by the written lease, and refusal to pay rent for months of January, February and March, 1895.

After replication the cause was referred to a master in chancery.

The master in chancery reported conclusions of facts supporting the allegations of the bill of complaint in every material allegation.  The decree confirmed the master's report and ordered the reformation of the lease as prayed. It also ordered that the appellants pay to appellees the sum of $4,549, the rent due from January 1, 1895, to the 30th day of April, 1897, with interest.

Among the findings of fact of the decree are the following:

That No. 129 Franklin street described no premises whatever; that the number was inserted in the lease in error and was a mistake; that the respective parties, by their action, construed the description in the lease, and adopted the premises afterward known and described as No. 123 Franklin street, as being in fact the premises described in the lease; and that the premises described therein as the first north of the entrance on Franklin street were the premises actually taken and occupied by defendants under the lease.

From the decree this appeal is prosecuted.

MOSES, ROSENTHAL & KENNEDY, attorneys for appellants.

GEO. A. GARY, attorney for appellees; F. J. PARTRIDGE, of counsel.

MR. PRESIDING JUSTICE SEARS delivered the opinion of the court.

It is in effect contended by counsel for appellants that the findings of fact of the decree are not sustained by the evidence. After a careful examination of all the evidence we are of opinion that it does amply sustain the decree. The master in chancery and the chancellor have found that the description, " the first store and basement north of the main entrance on Franklin street," was contained in the lease at the time it was executed.

It is beyond dispute that the first store and basement north of the main entrance on Franklin street is not No. 129 Franklin street, and is No. 123 Franklin street. If the parties to the lease contemplated a demising of the first store and basement north of the main entrance in Franklin street, then it follows that the description No. 129 Franklin street in the lease is a mistake. That they did contemplate precisely these premises in making the lease is established beyond reasonable question. The evidence discloses that during the reconstruction of the building appellants' representative examined these premises, designated work to be done and changes to be made upon that particular store, and

that after the stores were completed appellants moved into the store No. 123 Franklin street, the first store and basement north of the main entrance, and occupied it without protest or complaint until this controversy arose. After having paid the rent stipulated by the terms of the lease for more than two years, they then, for the first time, raised a question as to the identity of the premises occupied by them with the premises which they had supposed they were obtaining by the lease. The allegations of the bill of complaint are amply established. The description, No. 129 Franklin street, was a mistake of the scrivener, and the evidence establishing this fact is clear, convincing and satisfactory. Questions raised as to whether the mistake was a mutual mistake of the parties are answered by the foregoing findings of fact. If each party intended that No. 123 Franklin street, which is the store located next north of the main entrance, was being demised, and the scrivener wrote into the lease as a description thereof the words No. 129 Franklin street, it was clearly a mistake mutual and common to both parties. If it were true that, in spite of this mistake in the lease, the appellants might recover rent upon it in an action at law, and hence that, having an adequate remedy at law, there was no ground for the intervention of equity, yet this ground of objection not having been raised in the court below, can not be raised here for the first time. When the subject is a proper one for equity jurisdiction, then, although there be a remedy at law which is adequate, this objection is waived if not made in the trial court. The matter of reforming a mistake of this nature is a matter proper for equitable cognizance, and therefore the objection that there was an adequate remedy at law comes now too late.

There is another question raised by counsel for appellants, which is not without difficulty. The decree ordered payment of rent, not only such as had accrued before the filing of the bill of complaint, but also rent which had accrued during the pendency of the suit. No supplemental bill was filed. It is contended by counsel for appellants that this new ground of recovery, which had arisen after

the filing of the original bill, could not be made the basis of distinct, affirmative relief without a supplemental bill. On the other hand, the counsel for appellees contend that equity jurisdiction having once attached, the court, having the subject-matter before it, could proceed to do complete justice between the parties, even to the including of matters arising subsequent to the filing of the bill, and without necessity of supplemental bill. There is apparent authority to support each contention. The general rule is doubtless that new matter, arising after the commencement of the suit, must be brought before the court by supplemental bill if such new matter is to be made the basis of distinct relief. In the early decisions this rule was adhered to with great strictness. In later practice it was relaxed, as applied to accountings, so as to permit accountings to cover periods *pendente lite* and down to the time of the decree. Barfield v. Kelly, 4 Russ. 355.

This relaxation of the rule in modern practice has been applied also to suits for foreclosure of mortgages. Brown v. Miner, 21 Ill. App. 60; affirmed in 128 Ill. 148; Rhodes v. The M. S. & L. Co., 63 Ill. App. 77; Lowenstein v. Rapp, 67 Ill. App. 678.

The question is presented as to whether the rule has been so far relaxed or abandoned that in this case the court might decree a recovery of rent which was not due when the bill was filed, but became due subsequently, and this, upon the allegations of the original bill of complaint, without a supplemental bill. No accounting is prayed for by the bill or ordered by the decree. The bill simply prays for a money judgment. The original bill prayed for a decree for all rent which might be due at the time of decree, but it did not, as it could not, allege a condition of facts which would make such rent recoverable. On the filing of the bill it was not known, and could not be, whether rent would ever become due for the months which were *in futuro*. A leasing to another, destruction of the building, or other contingencies, might prevent any ground of recovery from ever accruing. If the rule as to pleading new matter, aris-

ing after bill filed, has any force whatever in our present practice, it would seem that these matters could not have been properly made part of the original bill by a sort of anticipatory pleading, but should have been presented by a supplemental bill. The decree finds rent due for the months after the bill of complaint was filed, and gives judgment therefor. There is no allegation contained in the bill that such amounts are due, and the decree is therefore without any allegation to support it in this behalf.

While it is true that in suits in equity the right to decree is not limited to the facts as they existed at the commencement of the suit, and the relief administered may be such as the nature of the case and the facts, as they exist at the close of the litigation, demand, yet it is the established rule of chancery practice that such of the facts as have arisen after the bill is filed must, if made the basis of relief, be presented to the court by supplemental bill. Burke v. Smith, 15 Ill. 158; Mix v. Beach, 46 Ill. 311; Fahs v. Roberts, 54 Ill. 192; Miller v. Cook, 135 Ill. 190; Hughes v. Carne, Idem, 519; McDonald v. Asay, 139 Ill. 123; Fisher v. Holdem, 84 Mich. 494; Candler v. Pettitt, 1 Paige, 168; Stafford v. Howlett, Idem, 200; Wray v. Hutchinson, 2 Myl. & K. 235.

If the suit for this rent had been brought at law, where it perhaps should have been brought (Bulkley v. Devine, 127 Ill. 406), and must have been if insisted upon below, no rent could have been recovered except such as had accrued before suit brought. Having selected a court of equity and succeeded in maintaining the suit there, appellees should be held to comply with the rules of chancery practice.

The fact that appellants participated in the hearing before the master is of no consequence, for the difficulty is that decree for subsequent rent is based upon facts not alleged.

The writer is of opinion that the decree should, to this extent, be reversed, and otherwise affirmed. The majority of the court being of opinion that the decree should be altogether approved, it is affirmed.

JUSTICE WINDES and JUSTICE ADAMS concurring.

After the making of the original master's report and before the entry of the final decree, on motion of complainants and notice to defendants, the chancellor referred the cause back for the sole purpose of taking evidence in regard to the payment or non-payment of rent by the defendants "since December, 1894, for the premises mentioned and described in the bill," etc., and directing the master to make "his finding as to said fact of payment or non-payment of said rent and the amount of rent due from said defendants to said complainants for said premises," etc.

Also after the order of reference was made, defendants asked to file an amended answer, which was refused, and the order of re-reference was amended so as to require the master "to take evidence and ascertain and report to the court the amount of rent due the complainant, under the lease in question in said cause, up to the date of making his report under this order. And that at the hearing before said master the defendants shall be allowed and permitted to make any and all defenses, legal or equitable, which they may have as to the rent due and unpaid under the terms of said lease except so far as such defenses are inconsistent with the findings of said master in his report heretofore made to this court upon any other matter than the amount of rent due under said lease."

On the re-reference, besides the evidence offered by complainant, defendants offered evidence tending to show a vacation and surrender of the demised premises to the agent of complainant on April 30, 1895, which was about four months after the time to which they had paid rent, and the master found that they did vacate the premises, but "without any sufficient reason therefor." The full terms of the lease are set up in the original bill, and it prays for a decree for all rents which shall have accrued and remain unpaid at the time of entering the decree.

It will thus be seen that the defendants, appellants herein, have had every opportunity which could possibly have been afforded them by the most specific and technical pleading,

of presenting any defense which they had to the claim of complainant for rent which became due after the filing of the bill. The general rule is, no doubt, that relief given must be based upon allegations made, but the Supreme Court has made exceptions to the rule, as have also other courts of the highest respectability. Besides the cases of accounting and in the foreclosure of mortgages mentioned by Mr. Presiding Justice Sears in his opinion, the following cases, relating to other and quite different subjects of relief, recognize exceptions to the rule, viz.: Brown v. Minor, 128 Ill. 157; Sherman v. Foster, 158 N. Y. 587–93, and cases cited; Peck v. Goodberlett, 109 N. Y. 180–9; Worrall v. Munn, 38 N. Y. 137–48.

If it was an error to decree the payment of the rent which became due after the filing of the bill, it was error without prejudice, and therefore can not avail appellants.